STATE, RESPONDENT, *v.* STEVENSON, APPELLANT.

(No. 1,724.)

(Submitted January 20, 1902. Decided March 3, 1902.)

*Criminal Law—Larceny—Evidence—Corroboration of Testimony of Accomplice—Conspiracy—Possession of Associates —Res Gestae—Instructions—Improper Remarks of Counsel —Exceptions—Review.*

1. Under Penal Code, Sec. 2089, providing that a conviction cannot be had on an accomplice's testimony unless he is corroborated by other evidence which in itself tends to connect accused with the commission of the offense, corroborating evidence tending to establish, independently of the accomplice's statements, the commission of the offense and accused's connection therewith, is sufficient, though, if the accomplice's testimony were not considered, the corroborating evidence would be insufficient to convict.
2. Where, by a prearranged plan, accused and his associates were to commit

a larceny, and sell the property, possession of the property by the associates pursuant to the criminal purpose may be properly considered against accused, as any incriminating act or statement done or made by one of the parties to a criminal conspiracy during the pursuit of the common purpose is competent against the others as *res gestae.*

3.  On a prosecution for larceny of five horses pursuant to a prearranged plan to collect a band of horses and sell them, an instruction referring to possession of the stolen property generally, and not to that alleged in the information, is not prejudicial, though erroneous, where the evidence tended to show that the whole band, including the five horses described in the information, was stolen and went into the actual possession of accused.

4.  Although an instruction in a criminal case may be bad, and even prejudicial to the appellant, nevertheless if, so far as criticised by the appellant it is not prejudicial to him, it will not work a reversal of the judgment.

5.  The prosecution's reference in argument on trial for larceny to accused's stealing other property is not reversible error where the court cautioned the jury to be governed by the evidence, and admonished counsel to keep within the record, and accused reserved no exceptions, nor requested any instruction that the jury disregard the remarks.

*Appeal from District Court, Teton County; D. F. Smith, Judge.*

JAMES R. STEVENSON was convicted of grand larceny, and from the judgment and an order denying him a new trial he appeals. Affirmed.

*Mr. J. G. Blair,* for Appellant.

The testimony corroborative of that of Jacobson was insufficient to convict Stevenson with the commission of the offense as charged. (Sec. 2089 of the Penal Code; Wharton's Criminal Evidence, 9th Edition, pages 379, 380; *State* v. *Scott,* 42 Pac. 1; Roscoe, Criminal Evidence, Vol. I, page 133; *State* v. *Geddes,* 55 Pac. 919; *State* v. *Spotted Hawk,* 55 Pac. 1026; *State* v. *Carr,* 42 Pac. 215; *State* v. *Welch,* 55 Pac. 927.)

There was prejudicial error on the part of the court in not promptly stopping counsel and reprimanding him for his improper remarks. (*Hudson* v. *State,* 28 S. E. 1010; *State* v. *Wright,* 42 S. W. 934, 141 Mo. 333; *Herren* v. *People,* 62 Pac. 833; *Heller* v. *People,* 22 Colo. 11; *State* v. *Stubblefield,* 157 Mo. 360.)

*Mr. James Donovan, Attorney General,* for the State.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was by information charged, jointly with George Jacobson and John Sullivan, with the crime of grand larceny, committed in Teton county on November 28, 1900. The subject of the larceny is alleged to have been five horses branded J. H. L., the property of one Hill and one Messacar. The defendant demanded and was awarded a separate trial. The jury returned a verdict of guilty, whereupon the defendant was sentenced to imprisonment at hard labor in the state prison for the term of 14 years. From the judgment and an order denying him a new trial he has appealed.

The points upon which appellant relies for a reversal of the judgment and order are that the verdict is contrary to the evidence, that the court misdirected the jury in matters of law, and that there were irregularities in the proceedings during the trial by which the defendant was prejudiced.

1. The principal witness for the state was George Jacobson, one of the defendants. It is argued that the evidence is not sufficient to warrant a verdict of guilty, because that portion of it introduced by the state in corroboration of the testimony of Jacobson, an avowed accomplice, does not meet the requirements of the rule of law applicable to such cases. From a patient reading of the record many times we find that the corroborative evidence tends to establish, independently of Jacobson's statements, not only the commission of the larceny as charged, but also the defendant's connection therewith. It is true, as counsel contends, that, if the testimony of the accomplice were taken out of the case altogether, and not considered, there would not be sufficient left upon which to submit the case to the jury upon the question of the defendant's guilt; but we do not understand that the statute (Penal Code, Sec. 2089) requires this amount of corroborative evidence. Its requirement is fully met by evidence which in itself, and without the aid of that of the accomplice, *tends* to connect the defendant with the commission of the particular offense. (*State* v. *Ged-*

*des,* 22 Mont. 68, 55 Pac. 919.)    The rule contended for by counsel would prevent a conviction upon the testimony of an accomplice in any case where there was not a substantial corroboration of it upon every material point.    Were this the rule, the testimony of the accomplice would generally be of no value, whereas it is often the case that, subject to the restriction of the statute, it is the only evidence upon which the state may rely.    As was said in *State* v. *Calder,* 23 Mont. 504, 59 Pac. 903, the statute does not, except by implication, require evidence from independent sources with respect to the *corpus delicti.*    But, conceding for the purposes of this case that it does, the evidence adduced by the state also meets this requirement; for it tends strongly to show, independently of the evidence of Jacobson, that the particular larceny testified to by him was in fact committed.

2.    The evidence tends to show that the larceny was committed by Jacobson and Sullivan in the absence of the defendant, but in pursuit of a prearranged plan by which they were to gather a band of horses from the range in Teton county, and drive them to Galata, on the line of the. Great Northern railway, in Choteau county, where the defendant would meet and assist them to load the animals into cars for shipment to market, he having agreed to have cars ready for that purpose.    It appears that the arrangement was carried out; that Jacobson and Sullivan gathered about 175 animals, including the five described in the information; that they drove them to Galata; that they were there met by the defendant; that the three loaded the horses on the cars; and that, after signing the shipping contract under assumed names, all traveled with the horses to Sioux City, Iowa, where a sale was effected, and the proceeds divided. The defendant was shown to have assumed control of the shipping arrangements and to have directed the sale.    He admitted in giving his testimony that he assumed possession with the defendants from that point, claiming that he did so on behalf of his firm in Sioux City.

Touching the possession of the stolen property as an incrimi-

natory circumstance, the court instructed the jury as follows:

"The possession of stolen property by the defendants, or either of them, if believed by you, is a circumstance proper to be considered by you in determining the guilt or innocence of the defendants, or either of them. Corroborating circumstances may consist of any acts, conduct, or declarations of the defendants, or either of them, or any other circumstances tending to show the guilt of the accused." Counsel insists that this instruction is erroneous, in that it authorized the jury to consider the possession of the horses by either Jacobson or Sullivan as evidence of the guilt of the defendant, whereas possession by himself only should be considered. As has been said, however, there was evidence tending to show a prearranged plan by defendant and his associates to commit the larceny and to sell the fruits of it. The cause was submitted to the jury upon the theory that the defendant, if guilty at all, was guilty by reason of his having joined in this plan with a view of profiting by the sale. Upon this view of the case the possession by one of the associates of the property stolen in pursuit of the common criminal purpose was the possession of them all, and, as an incriminatory fact, was properly to be considered as against the defendant. Any incriminatory act or statement done or made by one of the parties to a criminal conspiracy during the pursuit of the common purpose is competent as against any of the others as part of the *res gestae.* (*State* v. *Byers,* 10 Mont. 565, 41 Pac. 708; Wharton's Criminal Evidence, Sec. 698.) Furthermore, the defendant's joint possession with his codefendants from the time he appeared at Galata stands as an admitted fact in the case. This being true, the possession of all was the possession of each of them. Upon this theory, and so far as the criticism in question is concerned, fault in the instruction was not prejudicial.

It is also said that the instruction is prejudicially erroneous in that it refers to stolen property generally, and not to that alleged in the information to have been stolen by the defendant. As we understand the purport of this criticism, it is to the effect

that the court should have told the jury that possession by the defendant of the property alleged to have been stolen by him, if shown, was a fact to be considered by them in the light of the other evidence in arriving at their verdict. As an abstract proposition, the criticism is well made. Generally speaking, the possession of stolen property other than that involved in the case would be no evidence of guilt of the larceny charged. Under the facts of this case, however, no injury could have resulted from the language as used by the court. In other instructions it was fairly submitted to the jury whether the particular animals described in the information were stolen as charged. The evidence which tended to show that they were stolen also tended to the same extent to show that all the rest of the band was stolen. The same evidence tended to show that the whole band, including the five described in the information, went into the actual possession of the defendant. If there was any larceny at all, there was a larceny of the whole band, and it was impossible to prove the larceny of the five without proving the larceny of the rest. The possession of the whole band, so far as it was an accusatory fact in the case, was competent to establish the larceny of the five particular animals described in the charge. The jury could not have found upon the evidence that the defendant and his associates came honestly by the five, but that the rest of the band were stolen. There was no evidence in the case that they, or any one of them, had in their possession any other property than that involved in the larceny of the whole band. The jury could not, therefore, have been misled as to the application which they should make of the language used by the court. For other reasons, which are apparent, the instruction is, to say the least, not a model. We do not approve it. It may have been prejudicial; but, so far as it is criticised by counsel, we do not think the defendant was prejudiced by it.

3. During the argument of counsel to the jury one of counsel for the prosecution made use of the following language: "I shall show you (meaning the jury) before I leave Choteau

(the place of trial) that this defendant, Stevenson, has not only stolen and shipped from Teton county 175 head of horses, but that he has stolen and shipped from this county many times that many horses." Counsel for the defendant objected to the use of this language, and called the attention of the court to it. Thereupon the court cautioned the jury to be governed, in arriving at their verdict, by the evidence and the law only, and not by remarks of counsel, and admonished counsel to keep within the record. It is said by counsel for the defendant that, conceding the judgment of conviction to be warranted in other respects, it should be reversed on account of this misbehavior of counsel for the state. We have set forth all that occurred at the time. It will be observed that the court, while not reproving counsel as much as he undoubtedly deserved for overstepping the bounds of propriety in using the language complained of, did stop him from further statements of the same character, and cautioned the jury to be governed in arriving at their verdict by the evidence and the law only, and not by the remarks of counsel. It appears that for the time being counsel for the defendant were satisfied with the action of the court. At any rate, no exception was taken, nor do we find in the instructions any request by counsel for a formal instruction to the jury to disregard the remarks counsel made during the argument. The court therefore neither failed nor refused to do its duty in the premises, and counsel are in no position at this time, upon the record before us, to say that the court permitted any prejudicial error to come into the case during the progress of the trial. It is only where the court has failed to do its duty in such cases, and such failure is made to appear in the record by proper bill of exceptions, that this court may interfere. It is only the action of the trial court that this court may review, and not the action of the prosecuting attorney. So, if it does not appear that the trial court has been guilty of any neglect of duty in the premises, there is nothing before this court for review. (*State* v. *Biggerstaff,* 17 Mont. 510, 43 Pac. 709; *State* v. *Cadotte,* 17 Mont. 315, 42 Pac.

857; *State* v. *Gay,* 18 Mont. 51, 44 Pac. 411; *State* v. *Bloor,* 20 Mont. 574, 52 Pac. 611; *State* v. *Hurst,* 23 Mont. 484, 59 Pac. 911.)

The judgment and order appealed from are affirmed.

*Affirmed.*

Rehearing denied March 31, 1902.