STATE, RESPONDENT, *v.* BIGGS, APPELLANT.

(No. 3,131.)

(Submitted April 13, 1912.   Decided April 17, 1912.)

[123 Pac. 410.]

*Criminal Law—Grand Larceny—Livestock—Information—Sufficiency—Prosecution—Private Attorneys — Cross-examination —Discretion — Evidence — Admissibility — Accomplices—Corroboration—Sufficiency.*

Criminal Law—Grand Larceny—Livestock—Information—Sufficiency.
 1.  An information, alleging that accused did take, steal, drive, lead, and entice away one steer (describing brand), the property of a person named, with a felonious intent on the part of the accused to deprive the true owner thereof, and to steal the same, charges "grand larceny," as defined by subdivision 4 of section 8645, Revised Codes, declaring that grand larceny is committed by any person taking and driving away certain domestic animals.

Same—Questions Reviewable—Exceptions.
 2.  Where no exception was reserved to the action of the court permitting an attorney to appear as associate counsel for the state, accused must be deemed to have acquiesced in it.

Same—Private Attorney—Prosecution—Discretion.
 3.  The trial court may, in its discretion, permit an attorney to appear on his own motion as associate counsel for the state, whether he was employed by persons interested in the prosecution, or appeared as a volunteer, and where such attorney was not guilty of any misconduct preventing a fair trial, accused may not complain.

Same.
 4.  Under section 1787, Revised Codes, an attorney employed by the state board of stock commissioners has the right to appear in aid of the prosecution of one accused of grand larceny in having stolen livestock.

Same—Indorsement of State's Witnesses on Information.

5.   Where the name of a witness for the state was unknown to the county attorney at the time the information was filed, the court at the commencement of the trial properly permitted him to indorse on the information the name of such witness.

Witnesses—Cross-examination—Nature of Right.

6.   The rule that the right of cross-examination may be extended to facts other than those covered by the direct examination which tend to enlighten the jury upon the question in controversy, includes questions asked for the purpose of bringing out the motives, bias, and interest of the witness, or as a reflection on his capacity and memory.

Same—Discretion.

7.   In the absence of a showing of abuse of the discretion of the district court in sustaining objections to questions theretofore asked and answered more than once, the supreme court will not hold that such rulings were prejudicial.

Same—Cross-examination—Questions Degrading the Witnesses.

8.   Where a witness for the state, on a trial for larceny of livestock, testified that he was in the employment of a cattle company as stock inspector at the time of the arrest of accused, but there was nothing to show that he was engaged in a criminal conspiracy to convict accused, a question on cross-examination, as to whether he had not been employed to "put up a job" on accused, was properly excluded as intended to degrade the witness.

Criminal Law—Prior Conviction—Evidence—Admissibility.

9.   Where the record of a former conviction of accused was introduced in evidence, a witness who had attended the former trial was properly permitted to identify accused, and in so doing to state that the latter had been convicted of a specified crime.

Same—Larceny of Livestock—Evidence—Admissibility.

10.   Where, on a trial for the larceny of a steer, the evidence showed that a head found on accused's premises was that of the stolen animal, and a hide obtained from accused had on it the brand of the prosecuting witness and was of the same general color as the animal stolen, the hide and head were properly received in evidence for inspection by the jury.

Same—Accomplices—Corroboration.

11.   The testimony of an accomplice is sufficiently corroborated within section 9290, Revised Codes, where the evidence, independent of the testimony of the accomplice, has sufficient probative value to justify a submission to the jury for a finding as to the guilt of accused.

*Appeal from District Court, Dawson County; Sydney Sanner, Judge.*

WILLIAM BIGGS was convicted of grand larceny, and appeals from the judgment and an order denying his motion for a new trial.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. C. C. Hurley,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of the crime of grand larceny and sentenced to imprisonment in the state prison for a term of fourteen years. He has appealed from the judgment and an order denying his motion for a new trial.

The information charges that the defendant "did then and there willfully, unlawfully, and feloniously take, steal, drive, lead, and entice away one steer branded [indicating the form of brand] on the left thigh, * * * the property of J. E. Pipal, and not the property of the defendant, of the value of $25, with the felonious intent then and there on the part of him, the said defendant, to deprive and defraud the true owner of his property, and to steal the same." There is also included a charge of two prior convictions of felonies.

1. The first contention is that the information does not charge a public offense under the statute. (Rev. Codes, sec. 8642.) Apart from the allegations as to the prior convictions, the [1] information is substantially the same in form as the first count of the one examined in *State* v. *Van,* 44 Mont. 374, 120 Pac. 479. It was there held that, while the pleading might be entirely inadequate to meet the requirements of section 8642, it was amply sufficient to bring it within the requirements of section 8645, which defines the species of grand larceny charged by it. This contention is accordingly overruled.

2. At the commencement of the trial, R. R. Purcell, Esq., a member of the bar of Montana, was upon his own motion, over the objection of counsel for defendant and the county attorney, permitted to appear as associate counsel for the state. It is alleged that this was prejudicial error. Counsel did not reserve [2] any exception to the court's action; therefore he must be deemed to have acquiesced in it. Furthermore, it does not appear that Mr. Purcell took any active part in the trial. Even

so, it was within the discretion of the trial judge to permit him [3] to appear and take part, whether he was employed by persons interested in the prosecution or appeared as a volunteer; and since it is not shown that he was guilty of any conduct which prevented the defendant from having a fair trial, the defendant cannot be heard to complain. (*State* v. *O'Brien,* 35 Mont. 482, 10 Ann. Cas. 1006, 90 Pac. 514.) The record does not [4] disclose by whom Mr. Purcell was employed. It may be presumed that he represented the board of stock commissioners. If this was so, he had the right to appear in aid of the prosecution. (Rev. Codes, sec. 1787.)

3. Error is alleged upon the action of the court in permitting the county attorney at the commencement of the trial to indorse upon the information the name of one See, a witness for the state. It appears, from a colloquy which occurred at the time between counsel and the trial judge, that the name of the witness [5] was not known to the county attorney when the information was filed. Under these circumstances the ruling was proper. (*State* v. *Sloan,* 22 Mont. 293, 56 Pac. 364; *State* v. *Calder,* 23 Mont. 504, 59 Pac. 903; *State* v. *Schnepel,* 23 Mont. 523, 59 Pac. 927; *State* v. *Newman,* 34 Mont. 434, 87 Pac. 462.)

4. Contention is made that the court erred in restricting the cross-examination of the witness Dunn. The witness had testified that he had seen the animal in controversy in the pasture of the defendant after the time at which it was alleged to have been stolen, and that subsequently he had bought its hide from the defendant. He also identified a head, which he said had been found by him and others on the premises of the defendant at the time of the arrest, as that of the stolen animal. During his cross-examination he was asked a number of questions for the purpose of bringing out the fact that he had taken an active part in obtaining evidence for the state and was, therefore, a partisan witness, and others for the ostensible purpose of testing his recollection of conversations had by him with the defendant. Some of them had been asked and answered more than once. When counsel put them again, the county attorney ob-

jected, and the witness was thereupon not allowed to answer. The right of cross-examination is a substantial one and may not be unduly restricted. It may extend not only to facts stated by [6] the witness in his original examination, but to all other facts connected with them which tend to enlighten the jury upon the question in controversy. (*Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884; *Hefferlin* v. *Karlman,* 30 Mont. 348, 76 Pac. 757; *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50; Rev. Codes, sec. 8021.) The rule necessarily includes questions, the purpose of which is to bring out facts illustrative of the motives, bias, and interest of the witness, or as reflecting upon his capacity and memory. The right would be of little value if inquiry into these matters were not permitted. (3 Jones on Evidence, 829; *State* v. *Howard, supra.*) But the trial court has a wide discretion in controlling the examination of witnesses during every stage [7] of the case, and, if no abuse is made to appear, the appellate. court will not interfere. (3 Jones. on Evidence, 821; *State* v. *Howard, supra; State* v. *Barrett,* 43 Mont. 502, 117 Pac. 895.) For, though it be assumed that in a proper case a repetition of questions should be permitted, we are satisfied that the defendant was not prejudiced by the ruling complained of.

5. The witness Markle, having testified that he was in the employment of a cattle company as stock inspector at the time the arrest was made, was asked by counsel for defendant if he had not been employed "for the purpose of putting up a job on Biggs." He was not permitted to answer. There is no merit in the contention that this ruling was restrictive of the right of cross-examination. There was no evidence tending to [8] show that the witness was engaged in a criminal conspiracy to convict the defendant. He could not be expected to have answered otherwise than in the negative. The only purpose the question could serve was to insult and degrade the witness. The court properly protected him by refusing to require him to answer. (*State* v. *Rogers,* 31 Mont. 1, 77 Pac. 293; *State* v. *Trueman,* 34 Mont. 249, 85 Pac. 1024; Rev. Codes, sec. 8031.) Moreover, no exception was reserved to the ruling.

Even had it been prejudicially erroneous, defendant could not now make complaint.

6. Evidence was introduced to show that one Biggs had [9] previously been convicted of burglary in Ravalli county and had served a term in the state prison. The witness See had attended the trial. He was called to identify the defendant as the same person. Among other questions he was asked what Biggs had been tried for. Over objection of defendant he was permitted to answer, and said "for burglary." It is argued that the fact of Biggs' conviction and the nature of the crime could be proved only by the record. This is true. The record of conviction was introduced. The question propounded to See was nevertheless proper as tending to establish the identity of the defendant.

7. Counsel for the state was permitted, over objection, to introduce in evidence and exhibit to the jury the hide obtained [10] by Dunn from the defendant and the head found upon his premises. It is contended that the evidence did not tend to show that both were parts of the same animal and that the hide had not been identified as that of the animal in question. The evidence tending to show that the head was that of the stolen animal was clear and convincing. That as to the identity of the hide was very much less so; but taken all together it was sufficient to justify the court in permitting it to be inspected by the jury. It was of the same general color as the head; it had upon it the brand of the prosecuting witness, was still fresh at the time it was bought by Dunn, and the circumstances otherwise tended to show that the stolen animal had been slaughtered by the defendant only a few days prior to the arrest.

8. Error is predicated upon the refusal of the court to give defendant's requested instructions Nos. 3, 6, and 8. The first of these requests was fully covered by paragraph 22 of the charge as given, and the others by paragraphs 19 and 20, respectively, As a whole, the charge was carefully formulated. It covered every phase of the case, including the principles of law embodied in the special requests by defendant. We find no error in it.

9. Finally, it is contended that the evidence is insufficient to justify the verdict. This contention is wholly without merit. [11] It is true that the testimony of the witness Daniels, who apparently aided in the theft and was therefore an accomplice, furnished the state material assistance in making out its case against the defendant. But after a careful review of the evidence as a whole, we are of the opinion that there is enough of probative value in it to warrant a submission of it to the jury for a finding as to the guilt of the defendant, independently of the testimony of the accomplice. This more than satisfies the requirements of the statute. (Rev. Codes, sec. 9290; *State v. Stevenson,* 26 Mont. 332, 67 Pac. 1001.)

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.