HUFFINE et al., Respondents, *v.* LINCOLN, Appellant.

(No. 3,751.)

(Submitted April 17, 1917. Decided May 4, 1917.)

[164 Pac. 888.]

*Appeal and Error—Dismissal—New Trial—Newly Discovered Evidence—Compromise Offer—Evidence—Inadmissibility.*

Appeal and Error—Filing of Record—Dismissal.
  1.  Where the record on appeal from an order denying a new trial had been filed before a motion to dismiss was made, and notice of it given, because not filed with the clerk within sixty days after the appeal had been perfected, the motion will be denied.
New Trial—Newly Discovered Evidence—Compromise Offer.
  2.  Since, under Revised Codes, section 8040, a compromise offer is inadmissible in evidence against the party making it, a new trial cannot be granted upon the ground of newly discovered evidence consisting of such an offer.
Same—When Denial Proper.
  3.  Newly discovered evidence relied on for a new trial must be so substantial in character that it would probably produce a different result on another trial; if not of this character, a court may not be held guilty of abuse of discretion in denying a new trial.

  [As to newly discovered evidence that will entitle party to new trial, see note in Ann. Cas. 1913E, 147.]

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

Action by Charles M. and Leonie Huffine against A. Lincoln. Judgment for plaintiffs, and defendant appeals from the judgment and an order denying a new trial. Affirmed.

*Messrs. Belden & De Kalb* and *Mr. E. K. Cheadle,* for Appellant, submitted a brief; *Mr. Cheadle* argued the cause orally.

*Mr. E. W. Mettler* and *Mr. J. C. Huntoon,* for Respondents, submitted a brief; *Mr. Mettler* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In this action the plaintiffs sought recovery of the defendant on two counts. The first was for a balance of moneys alleged

to have been received by the defendant for the use and benefit of the plaintiffs, in the sum of $2,329.08, this balance having been ascertained and awarded to plaintiffs by arbitrators to whom they and defendant had theretofore submitted their differences for final adjustment. The second was for the sum of $408.23 alleged to have been due to plaintiffs for goods, wares and merchandise sold and delivered by them to the defendant, and for the use of teams, wagons, harness, *etc.*, furnished by them to the defendant at his special instance and request. The defendant, answering, denied that he owed any part of the balance demanded in the first count, save and except the sum of $87.57. He denied all the allegations of the second count. By way of further defenses to both counts, he alleged twelve separate counterclaims. To the fifth, sixth, eighth, ninth, tenth, eleventh and twelfth of these the plaintiffs replied, averring that the amounts demanded therein had all been included in the submission to the arbitrators referred to in the first count of the complaint, and had been adjusted and determined by their award. As an additional defense to the eighth count, they interposed a plea of the statute of limitations. To all the others they interposed specific denials. A trial resulted in a verdict and judgment for plaintiffs for $2,236.15 and costs. The cause was brought to this court by appeals from the judgment and from an order denying defendant's motion for a new trial.

When the record on appeal was lodged with the clerk, counsel for plaintiffs moved for a dismissal of the appeal from the judgment on the ground that it had not been taken within a year from the date of entry (Rev. Codes, sec. 7099), and of the appeal from the order on the ground that the record had not been filed [1] with the clerk within sixty days after the appeal had been perfected, as prescribed by the rules of this court (Rule IV, subd. 2, 44 Mont. xxvii, 123 Pac. x). The appeal from the judgment was dismissed on the ground stated in the motion, the court reserving decision as to the appeal from the order until final hearing. The motion in this behalf is denied, for the rea-

son that the record had been filed with the clerk before the motion to dismiss was filed and notice of it given. (Rule IV, subd. 3.)

The motion for a new trial was based solely on the ground of newly discovered evidence material to establish defendant's eighth counterclaim, which could not with reasonable diligence have been discovered and produced at the trial. The plaintiffs are husband and wife, the wife being defendant's daughter. Early in the year 1908 they and George Lincoln, a son of defendant, leased from him certain ranches, known as the Lincoln ranches, in Fergus county, with the farming implements, machinery, *etc.*, owned by him thereon. The lease was oral. The terms of it are in some respects not clearly disclosed by the evidence; but it is apparent that the plaintiffs and their colessee, among their other obligations, assumed that of caring for defendant's herd of cattle, and in consideration of their services in this behalf were to have a half interest in the increase of it, in steers suitable for beef. This arrangement was, it seems, to continue for five years. At the end of 1908 George Lincoln ceased to be a party to the lease. Thereafter the lease arrangement was continued between the plaintiffs and defendant up to the latter part of the year 1912. Differences had arisen between them as to their respective rights and liabilities under the lease, and, in order to avoid litigation, on November 17, 1912, they entered into a written agreement to submit all these differences to arbitrators named by them, for final adjustment. It was agreed that the final award should be filed with the clerk of the district court and entry thereof made in the judgment-book by the clerk, under the provision of section 7370 of the Revised Codes. The arbitrators having heard the evidence and made their award, filed it with the clerk on November 23. This action was brought on May 19, 1913. The trial took place in March, 1914, ending on the 9th.

The amount of recovery sought by defendant under the eighth counterclaim was $3,050, the proceeds of a sale of beef cattle by

plaintiffs and their colessee during the year 1908 for which defendant alleged they had failed to account to him. There was a conflict in the evidence at the trial, both upon the question whether the sum demanded was due from the plaintiffs under the contract of lease, and upon the question whether they had accounted for it in the adjustment by the arbitrators.

The facts recited in the foregoing narrative are sufficient to make clear the purport of the affidavits presented in support of the motion. The affidavit of defendant, after a brief reference to the origin and character of his claim, and a specific averment to the effect that his right to the sum claimed had not been adjusted by the arbitrators, alleges: "On or about the tenth day of March, A. D. 1914, I discovered evidence which will establish the fact that the said moneys so received by the plaintiff Leonie Huffine from the affiant did not belong to her under the terms of the said lease. That on said tenth day of March, A. D. 1914, I discovered a memorandum in writing in the handwriting of the said plaintiff Leonie Huffine, which contains among other things, a clause as follows: 'We * * * agree to pay rents and taxes and return to A. Lincoln $5,300 which George Lincoln and the Huffines received for the beef which was shipped from the AL herd of cattle in the spring of 1908 or about the time the lease began.' That said evidence is new material to the issue, and not cumulative, nor will it be brought to impeach any evidence or testimony of any witnesses who have heretofore been examined in said action. That I did not know of the existence of said evidence and could not by the use of the utmost diligence have discovered and produced the same upon the former trial." An affidavit by George Lincoln states that he is acquainted with the handwriting of Leonie Huffine, that the memorandum quoted by the defendant was written by her, that he is familiar with the matter stated in defendant's affidavit, and that he believes those statements are true.

The plaintiffs filed counter-affidavits. That of Leonie Huffine recites that when the question of settlement arose between the

plaintiffs and defendant, in order to avoid litigation, they made in writing mutual offers of terms of settlement, exact copies of which are attached; that no other offer was ever made; that in his counter-offer the defendant made no mention of the sum of $5,300; that the parties could not agree upon a settlement upon the basis of any of the offers, and thereupon agreed to submit their differences to arbitration; that upon the hearing by the arbitrators evidence was given on both sides in relation to all the claims existing between the parties, including the claim for which recovery is sought in defendant's eighth counterclaim; that the arbitrators made their award upon the evidence; and that such award is in full force and effect. It is further alleged that plaintiffs' offer was delivered to the defendant; that at all times after it was made he had full knowledge of its contents; that after it was made, and prior to the submission of their differences to arbitration, this plaintiff and defendant discussed it; and that the affiant never at any time made the offer to the defendant set forth in his affidavit, the only offer made by her being the one a copy of which she tenders with her affidavit. The affidavit of the plaintiff Chas. M. Huffine avers that a second offer was made to defendant, proposing terms of settlement different from those embodied in the one referred to by Leonie Huffine, which contained no reference to the sum of $5,300 adverted to therein. In all other particulars his affidavit agrees substantially with the affidavit of Leonie Huffine. Both the memoranda referred to are attached as exhibits to his affidavit. The material parts of the memoranda of the two offers are the following:

"No. 1. We turn over 1,075 head of cattle and reserve the right to cut and ship the beef and agree to pay rents and taxes and return to Lincoln one-half of $5,300, or $2,650, which Geo. Lincoln and the Huffines received for the beef which was shipped from the AL herd of cattle in the spring of 1908, or about the time the lease began."

"No. 2. We turn over 1,075 head of cattle, including beef. We pay no rents or taxes; also we are to have all cattle which we may gather in excess of the 1,075 head of cattle, or $40 per head. We select a man, and Lincoln a man, they to select a third man, to cut and ship the beef. Neither Lincoln nor Huffine to have anything to do with the cutting or shipping of the beef. These men also count the cattle."

The portions of these memoranda quoted are each followed by an enumeration of articles of personal property which were to be delivered to the defendant, including different kinds of grain, colts and hogs, in case either offer should be accepted as the basis of settlement.

The counter-offer by defendant is the following: "A. Lincoln will settle upon following basis, if settled without litigation, to-wit: (1) Huffine to pay all taxes for 1912. (2) Huffine to pay $3,000 for use of property present time. (3) Huffine to pay his share on state land purchase. (4) Huffine to return 1,200 head of cattle; also all the stock and calves of thoroughbred cattle. (5) Huffine to return horses received and one-half increase. (6) Huffine to return 13 sows and 39 pigs. (7) Huffine to return enough hay to winter cattle and horses to May 1, 1913. (8) Huffine to return seed and feed grain that he had and used of A. Lincoln. (9) Huffine to repair ditch as agreed, or pay equivalent of it in money. If the Robbins desert is deeded back, waive claim on ditch."

At the argument in this court, attention having been called to the denials in plaintiffs' affidavits that they had never made the offer quoted in defendant's affidavit, counsel for defendant admitted that the copy of the memorandum attached to plaintiffs' affidavit, as plaintiffs' first offer, is a true copy of the original. Their argument, however, is that, if the memorandum had been brought to the knowledge of the jury at the trial, the result would necessarily have been a finding in favor of the eighth counterclaim, and hence that judgment would have gone for the defendant. This argument proceeds upon the assumption that

the memorandum embodies a distinct admission by plaintiffs that the defendant is entitled to the proceeds of the sale made in 1908, and that upon another trial it will without question establish his right to recover them. If we accept the assumption of counsel as correct, the conclusion must follow, for, though the evidence is cumulative in character, the legal effect of it would be to overcome any denial of their liability by the plaintiffs. But the effect to be given to the writing is to be determined, not by looking alone to the excerpt referred to, but by an analysis of all the memoranda in connection with the circumstances under which they were written. There is an apparent inconsistency in the statements of plaintiffs as to all the circumstances, in that Leonie Huffine states that only one offer was made by plaintiffs and the counter-offer by defendant, whereas Chas. M. Huffine states that plaintiffs made a second offer; nevertheless it stands admitted by the defendant, because he did not file an affidavit contradicting those of plaintiffs, that the memoranda were offers and a counter-offer made in an effort by the parties to adjust their differences and thus avoid a resort to litigation. In legal [2] effect, then, the offer of plaintiffs is not to be construed as an admission that anything was due defendant, but as an offer of a compromise. If, therefore, it had been offered in evidence at the trial, it would not have been admissible. (Rev. Codes, sec. 8040; *Scott* v. *Wood*, 81 Cal. 398, 22 Pac. 871; 1 Elliott on Evidence, 646; 2 Wigmore on Evidence, 1061.) It would have been held wholly incompetent, and the like ruling would necessarily be made with reference to it on another trial. Hence it cannot be regarded as material within the requirement of the statute authorizing the granting of a new trial on the ground of newly discovered evidence. (Rev. Codes, sec. 6794.) Under [3] the well-settled rule, newly discovered evidence, offered as a ground for a new trial, must not only be material, but so substantial in character that it would probably produce a different result on another trial. (*State* v. *Matkins*, 45 Mont. 58, 121 Pac. 881, and cases cited.) It is only when the application

makes out a case of this degree of cogency that a trial court should be held guilty of an abuse of discretion in denying it. There must be an end to litigation. The prevailing party is presumptively entitled to the relief awarded him. The presumption thus established in his favor may not be overturned until a cogent reason appears why the discretion vested in the trial court should be exercised in favor of his adversary. Hence, no substantial reason appearing why plaintiffs should be deprived of their advantage, the application was properly denied. The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.