The Hon. William L. Holloway,
The Hon. Albert J. Galen,
The Hon. Albert P. Stark,
The Hon. John A. Matthews,
} Associate Justices.

---

### STATE, Respondent, v. SMITH, Appellant.

(No. 5,793.)

(Submitted November 23, 1925. Decided December 1, 1925.)

[241 Pac. 522.]

*Intoxicating Liquors — Giving Liquor to Minor — Evidence — Sufficiency—Accomplices.*

Intoxicating Liquors—Giving Liquor to Minor—Evidence—Sufficiency.
   1. In a prosecution for giving intoxicating liquor to a minor, it was immaterial whether defendant was the owner of the liquor or merely entertaining at another's expense; and evidence, though not showing that defendant handed liquor to the minor, disclosing that he had a large supply in his cabin and placed it within reach of those present, stating that there was "plenty more of it," was sufficient to warrant conviction.
Same—Accomplice—What Constitutes.
   2. The test to determine whether a witness was an accomplice is to ascertain whether he could be indicted for the offense for which the accused is being tried; his mere presence, acquiescence in the

---

   2. Who are accomplices, see note in 138 **Am. St. Rep.** 272. See, also, 1 **R. C. L.** 157.

(22)

### [75 Mont. 22.]

act committed by the accused, or his silence, in the absence of a duty to act is not enough, no matter how reprehensible, to constitute him an accomplice.

Same—Witness Held not an Accomplice.

3. Under the above rule (par. 2), *held* that one who, while in defendant's cabin, was asked by defendant to call in a minor then passing, that he wanted to see him, did not constitute such person an accomplice of defendant charged with thereafter giving the minor intoxicating liquor, in the absence of a showing that the direction was to call him in for the purpose of giving him a drink.

Same—Accomplice—Corroboration, When Sufficient.

4. Corroboration of the testimony of an alleged accomplice is sufficient if, unaided by the testimony of the accomplice, it tends to connect the defendant with the commission of the offense.

Same—Question Whether Witness was Accomplice for Jury, When.

5. The question whether a witness for the state is an accomplice of the defendant is, unless the fact is undisputed, for the jury under proper instructions, and where the evidence as to this fact or as to corroboration is doubtful or conflicting, the court should not invade its province by instructions.

Same—Accomplice—Refusal of Instruction—When not Reversible Error.

6. Refusal of an offered instruction that a defendant could not be convicted upon the uncorroborated evidence of an accomplice unaccompanied by one as to what corroboration would take the case out of the rule or one defining what constitutes an accomplice, *held* not prejudicial error under the case as made.

---

Criminal Law, 16 **C. J.**, sec. 1344, p. 671, n. 71; sec. 1357, p. 674, n. 10, 11, 13; sec. 1369, p. 677, n. 62; sec. 1370, p. 678, n. 64; sec. 1434, p. 702, n. 27; sec. 2288, p. 928, n. 79; sec. 2324, p. 947, n. 63; sec. 2415, p. 1001, n. 98.

Intoxicating Liquors, 33 **C. J.**, sec. 513, p. 767, n. 48.

*Appeal from District Court, Madison County; H. G. Rogers, Judge.*

JOHN A. SMITH, informed against as Jack Smith, was convicted of giving intoxicating liquor to minors, and appeals from the judgment. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Smith & Kelly,* for Appellant.

There is no denying the fact that Williams was an accomplice of defendant, and in order to convict he must be corroborated by other evidence, and the court erred in refusing to give instruction No. 1, requested by the defendant, to the

---

4. See 1 **R. C. L.** 168, 169.
5. See 1 **R. C. L.** 158.

effect that the jury could not convict upon the uncorroborated testimony of an accomplice. (16 C. J. 947, 962; 1 R. C. L. 173, 176; *Hicks* v. *State,* 126 Tenn. 359, 149 S. W. 1055; *Sheppard* v. *State,* 63 Tex. Cr. 569, 140 S. W. 1090; *Snelling* v. *State,* 57 Tex. Cr. 416, 123 S. W. 610; *Winfield* v. *State,* 44 Tex. Cr. 475, 72 S. W. 182; *Hatcheh* v. *State,* 43 Tex. Cr. 237, 65 S. W. 97; *People* v. *Kraker,* 72 Cal. 459, 1 Am. St. Rep. 65, 14 Pac. 196; *People* v. *Coffee,* 161 Cal. 433, 39 L. R. A. (n. s.) 704, 119 Pac. 901; *Robinson* v. *State,* 35 Tex. Cr. 54, 60 Am. St. Rep. 20, 43 S. W. 526; *Stewart* v. *State,* 35 Tex. Cr. 174, 60 Am. St. Rep. 35, 32 S. W. 766.)

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State.

Witness Percy Williams was not an accomplice. (12 Cyc. 445; *Commonwealth* v. *Follansbee,* 155 Mass. 274, 29 N. E. 471; *Cross* v. *People,* 47 Ill. 152, 95 Am. Dec. 474; *Sizemore* v. *Commonwealth* (Ky.), 6 S. W. 123; *State* v. *Slothower,* 56 Mont, 230, 182 Pac. 270; *State ex rel. Webb* v. *District Court,* 37 Mont. 191, 15 Ann. Cas. 743, 95 Pac. 593; *Ex parte Bowman,* 38 Nev. 484, 151 Pac. 517; *State* v. *Dalton,* 65 Wash. 663, 118 Pac. 829.) Even if witness Williams was an accomplice, no prejudicial error was committed by the trial court in refusing the appellant's offered instruction, for the reason that there was ample evidence to warrant a conviction without the testimony of Williams, and the testimony of Williams was corroborated in every respect.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant, John A. Smith, has appealed from the judgment pronounced on his conviction of the crime of giving intoxicating liquor to minors.

The evidence adduced on the trial, briefly stated, is as follows: One Percey Williams testified that on the morning of March 7, 1925, at the request of defendant, he went from Virginia City to Laurin, where he procured from a person

to whom he was directed by defendant, a one-gallon jug of moonshine whisky, placing it in a traveling bag furnished by defendant for that purpose and charging the whisky to defendant, and that, on his return to Virginia City, he was accompanied to defendant's cabin by one Joe Judge. Both Williams and Judge testified that Williams then delivered the jug to defendant, who opened it, took a drink himself, and gave each of the witnesses a drink and put the jug away; whereupon the witnesses left the cabin. Each of these witnesses testified that he returned to defendant's cabin in the afternoon, brought no liquor with him, but proceeded to drink with defendant from his supply; that while they were thus engaged, one Robert Allen, a boy seventeen years of age, was seen approaching, whereupon defendant stated that he wanted to see young Allen, and requested Williams to call the boy in. Allen entered in response to the call, and thereafter drank from a bottle sitting on the table. Later defendant requested young Allen to go after one Joe Gillipsie, a youth of twenty years; Gillipsie was brought to the cabin, and the whole party continued drinking. When the first bottle was emptied, a second was produced from the mattress at the foot of defendant's bed, and when this was emptied defendant took it to a rear room and returned it to the table full of moonshine whisky stating, "There is plenty more of it." Both boys became drunk, and were expelled from the cabin by defendant. After an investigation was instituted, the defendant accused each of the boys of informing against him.

Defendant did not deny the testimony concerning the drinking party, but denied that he, personally, gave liquor to the boys, and denied that he sent Williams for the jug of liquor or instructed him to call young Allen to the cabin; he contended that the liquor belonged to Williams. The defense introduced some evidence as to defendant's good reputation in the community; young Allen, then, on rebuttal, told of another occasion when defendant invited him to the cabin and gave him four drinks of moonshine whisky.

Defendant makes but two specifications of error, to-wit: (1) The evidence is insufficient to support the judgment, in that there is no evidence tending to connect the defendant with the crime charged, other than that of Percy Williams, an accomplice. (2) The court erred in refusing to instruct the jury, on defendant's request, to the effect that a defendant cannot be convicted upon the uncorroborated evidence of an accomplice.

1. Defendant's contention, as to the first assignment, is that, [1] as there is no direct evidence showing that defendant actually handed the liquor to Allen, it devolved upon the state to prove that defendant was the owner of the whisky, and that this proof was furnished from the lips of Williams, an accomplice in procuring the liquor. This argument is fallacious; the procuration of the liquor was an independent transaction, and was closed when Williams left the cabin after delivery to defendant.

There is no intimation that Williams had any knowledge that defendant intended to give any portion of the liquor to minors, and if in fact the defendant did give liquor to a minor, it was immaterial whether, at the time, he was the owner of the liquor so given or was merely entertaining at another's expense. The only question for determination was: Did Smith give to a minor? On this question, while no witness testified that defendant handed liquor to young Allen, it was clearly shown that he was the host at a drinking party in his home; he had liquor in his bed as well as on his table, and a main supply in a rear room over which he had dominion and control; for, when the supply on the table was exhausted, he refilled the bottle and replaced it within reach of his young guests, stating that there was "plenty more of it." Thus there was sufficient evidence to warrant a verdict of guilty of the crime charged had the man Williams not appeared at the trial at all.

2. With reference to whether Williams was an accomplice of [2, 3] the defendant in giving liquor to young Allen, had the evidence shown that defendant directed Williams to call Allen in for the purpose of giving him a drink and that Williams had

obeyed the direction, intending that Allen should join the party, Williams might be equally guilty with defendant and, hence, an accomplice. But, according to the evidence, all that was said by defendant was that he wanted to see Allen, who was then called in by Williams. This testimony falls short of proof constituting Williams an accomplice of the defendant in the commission of the crime charged in the information. "The test to determine whether one is an accomplice is to ascertain whether he could be indicted for the offense for which the accused is being tried" (12 Cyc. 445), or, as was stated by this court, "To constitute a witness for the state an 'accomplice' he must have entertained a criminal intent common with that which moved the defendant to commit the crime with which he stood charged, or, not having been present at its commission, must have advised and encouraged it." (*State* v. *Slothower,* 56 Mont. 230, 182 Pac. 270; *State ex rel. Webb* v. *District Court,* 37 Mont. 191, 15 Ann. Cas. 743, 95 Pac. 593.) Mere presence, acquiescence or silence, in the absence of a duty to act, is not enough, no matter how reprehensible it may be, to constitute one an accomplice. (1 R. C. L. 157, and cases cited.)

3. Even conceding that Williams was an accomplice, the [4] evidence was amply sufficient to justify a conviction under the well-known rule as to corroboration, to-wit, the corroboration is sufficient if "unaided by the testimony of the accomplice, it *tends* to connect the defendant with the commission of the offense." (*State* v. *Bolton,* 65 Mont. 74, 212 Pac. 504; *State* v. *Biggs,* 45 Mont. 400, 123 Pac. 410; *State* v. *Stevenson,* 26 Mont. 332, 67 Pac. 1001.)

4. The question as to whether a witness for the state is an [5, 6] accomplice is—unless such fact is undisputed—for the jury, under proper instruction by the court (*State* v. *Slothower,* above), and where the evidence is conflicting or doubtful, either as to this fact or as to corroboration, the court should not invade the province of the jury. (16 C. J. 947.) The instruction requested was merely a general rule of law as to corroboration, based upon section 11988, Revised Codes of 1921, without

preliminary instruction as to what constitutes a witness an accomplice, or accompanied by an instruction as to what corroboration would take the case out of the rule. Under the case as made, such an instruction was unnecessary, would have served no good purpose, and might have tended to confuse, rather than to enlighten, the jury, and therefore its refusal did not constitute prejudicial error.

No prejudicial error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.