[No. 11006.   Department Two.   July 18, 1913.]

GERARD-FILLIO COMPANY, INCORPORATED, *Respondent*, v.
JAMES McNAIR *et al.*, *Appellants.*[1]

BROKERS—ACTIONS—ISSUES AND PROOF—JUDGMENT.   In an action
upon a written contract for a broker's commission, where the con-
tract sued on was admitted and defendants' affirmative defense of
a subsequent modification was not sustained, it is error for the court
to grant judgment for the amount it considers reasonable for the
services rendered, rather than for the specific sum agreed upon.

Cross-appeals from a judgment of the superior court for
King county, Everett Smith, J., entered September 7, 1912,
upon findings in favor of the plaintiff, in an action on con-
tract, tried to the court.   Reversed on plaintiff's appeal.

*Kerr & McCord*, for appellants.

*Hamlin & Meier*, for respondent.

MORRIS, J.—The respondent brought this action to re-
cover six hundred dollars claimed by it to be the balance due
upon a commission for bringing about an exchange of prop-
erties between appellants and third parties.

The facts are set forth in detail in *Gerard-Fillio Co. v. Mc-
Nair*, 68 Wash. 321, 123 Pac. 462, where we were called upon
to review a judgment granted respondent upon the pleadings.
That judgment was reversed with instructions to the lower
court to proceed with the trial, the court holding that ap-
pellants were entitled to put in their proof and to a judgment
in their favor, if sustaining the allegations of their affirma-
tive answer pleading a subsequent partly performed oral
modification of the original written contract.   Under this di-
rection, the case has been tried, the court awarded respondent
a judgment for four hundred dollars, and both parties ap-
pealed.

The original contract being admitted, it is evident that

[1]Reported in 133 Pac. 462.

there was only one issue before the court, and that was as in-
dicated by this court in its opinion on the first appeal, the
modification of the written contract by subsequent oral agree-
ment which had been partly performed. The lower court in
its findings of fact expressly holds and finds, "That the said
defendants have failed to prove their affirmative defenses
pleaded herein." Having so found, nothing remained for
the lower court but to enter judgment for respondent as
prayed for under the terms of the original written contract.
As it was evident from the issues as framed, either respond-
ent was entitled to judgment as prayed for under the original
contract, or appellants were entitled to the benefit of the sub-
sequent modification pleaded. The lower court however,
adopted a new theory, and gave judgment for the sum he be-
lieved represented a fair commission to respondent for the
services rendered referring to an attempted adjustment of the
differences between the parties in which the appellants ex-
pressed a willingness to pay respondent six hundred dollars,
making the balance now due four hundred dollars. Believing
this sum to be a proper compensation for respondent, judg-
ment was granted accordingly.

Both parties complain of this judgment, appellants con-
tending the court was in error in awarding judgment in any
sum upon the theory that they had sustained the affirmative
defenses, and respondent contending that, under its findings,
the court should have awarded it judgment for six hundred
dollars. There was but one issue before the court. The re-
spondent was entitled to judgment of six hundred dollars or
nothing. There is no theory known to the law under which
the judgment granted can be sustained. When a litigant
comes into court pleading a specific contract as his right of
recovery, there is no question of equity as between the parties
submitted to the court. Such litigant must rely on the con-
tract pleaded or not at all. The court cannot make a new
contract or substitute its opinion of values for that expressed
in the contract. The contract being admitted, and the court

finding that the appellants had failed in their plea of a subsequent modification, it should have been enforced and judgment granted accordingly. Not to do so was error.

We believe the court was right in its finding that the affirmative defenses had not been sustained. It only remains to direct the proper judgment. The judgment is reversed and set aside and the cause remanded with instructions to the lower court to enter judgment for respondent in the sum of $600.

ELLIS, MAIN, and FULLERTON, JJ., concur.