### 11901. ATLANTA JOURNAL v. POWER.

A plea to an action on promissory notes, that, upon dispute between the parties as to the amount of an account owed by the defendant, the plaintiff stated that if defendant would sign the notes, and it later developed that they were taken for too much, they would be open to adjustment, and thereupon defendant executed them as accord only, and not as accord and satisfaction, and that since their execution defendant finds that they were taken for $58.25 more than he was due the plaintiff, which sum was paid to plaintiff on a stated date before the date of the notes, and that defendant is advised that said sum was not credited on the account, and was included in the notes, was subject

to be stricken on motion, as undertaking to add to and change the terms of the written contract.

DECIDED JULY 12, 1921.

Complaint; from city court of LaGrange — Judge Duke Davis. October 9, 1920.

Two notes for $32.68 each were sued on. The defendant pleaded as shown by the headnote, and tendered $8.15 as the amount of principal and interest he owed the plaintiff. Exception was taken to a refusal to strike the plea on motion.

*E. T. Moon,* for plaintiff.  *M. U. Mooty,* for defendant.

BROYLES, C. J.  " Parol evidence (especially of the debtor himself) that a settlement closed up by absolute notes and mortgages was, by oral agreement of the parties, to be revised by the debtor, and the notes and mortgages reduced by crediting down all errors, contradicts the writings, and is inadmissible." *Dyar* v. *Walton,* 79 *Ga.* 466 (7 S. E. 220). Under this ruling and the facts in the instant case, the court erred in refusing to strike, on motion of the plaintiff, the defendant's plea. This ruling is not in conflict with the decision in *McLendon* v. *Callaway,* 52 *Ga.* 41, relied on by the defendant in error; for in that case *there was no motion to strike the defendant's plea, and evidence in support of the plea was admitted without objection,* and the Supreme Court said: " All that we do decide is, that the court erred in its charge in saying to the jury that: ' If you believe from the evidence that the defendant, with such knowledge as I have charged you, signed and delivered the notes, then he waived any defense he might have had, if any, to the accounts exhibited by the plaintiffs to defendant.' This charge of the court excluded from the consideration of the jury the defendant's evidence as to what he says was the intention and understanding of the parties at the time the drafts were executed. This evidence being before the jury, the defendant had the right to have had it considered by them for what it was worth in contradiction of the plaintiff's evidence as to that question in the case." If in the instant case there had been no motion to strike the defendant's plea, and if evidence sustaining the plea had been introduced without objection, and if the court in its charge had excluded that evidence from the consideration of the jury, the two cases would have been on all-fours, and the decision in the *McLendon*

case would be controlling in this case.  The facts of the two cases clearly distinguish the one from the other.

The error in the ruling on the defendant's plea rendered the further proceedings in the case nugatory.

*Judgment reversed.  Luke and Bloodworth, JJ., concur.*