### BERRY v. GUILLIOT. (No. 8790.)

(Court of Civil Appeals of Texas. Dallas. March 31, 1923.)

Evidence ⊕‑443(1)—Of contemporaneous parol agreement to rebate interest due on written agreement inadmissible.

Evidence that about the time of the execution of a written contract for construction of improvements by defendant, providing for payment by cash and notes bearing a stipulated rate of interest, a parol agreement was entered into between the parties whereby a portion of the interest specified in the notes and written contract was to be remitted to plaintiff at a future date, held inadmissible, as varying the terms of the written contract.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by A. S. Guilliot against C. R. Berry. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Currie McCutcheon, of Dallas, for appellant.

John H. Stahl, of Dallas, for appellee.

HAMILTON, J. This suit originated in the justice of the peace court, where judgment was rendered for appellee against appellant, and, upon appeal to the county court, appellee again recovered judgment against the appellant, who prosecutes this appeal.

The pleadings of appellee were oral, both in the justice of the peace court and in the county court, but the defendant relied upon written pleadings.

We gather from the record that the cause of action asserted by appellee was based upon an alleged parol contract and was for the recovery of an amount paid as interest provided for in a written contract.

A contract in writing was entered into between the appellee and his wife, on the one part, and appellant, on the other, for the construction of certain improvements upon a lot in the city of Dallas owned by appellee.

This contract provided that appellant should furnish certain labor and material for the construction of the improvements, and the contract embodied the execution by appellee and his wife of a builder's, mechanic's, materialman's, and laborer's lien to secure the agreed and stipulated consideration to be paid appellant. It was provided that a certain portion of the consideration was to be paid in cash as the work of construction progressed, and that the balance should be paid at the due dates of certain notes for specified amounts, which notes were described in the written instrument, and each of which was to bear interest at the rate of 8 per cent. per annum. The notes also contained the usual provision for attorney's fees.

There appears to have been no allegation of fraud or mutual mistake in the execution of the instrument.

The sole basis relied upon by appellee for recovery against appellant, as we understand the record, was that a parol agreement was entered into about the time of the execution of the written contract, and that by the parol agreement it was understood that a portion of the interest specified in the notes and written contract was to be remitted to appellee at some future date.

Appellee testified, in substance, that he understood the provisions in the contract and notes for 8 per cent. interest at the time he signed them, but that he had a parol agreement and understanding at the time he signed the written instruments that he would receive rebates on the interest to the extent of the amount claimed in this suit.

The effect of all the testimony clearly constitutes an effort to vary the terms of a written agreement by parol evidence of an unwritten contemporaneous agreement inconsistent with the terms of the written contract, which is clear, unambiguous, certain, and free from fraud, accident, or mistake. That this cannot be done is an elementary rule which need be merely stated.

The rule which permits the consideration of written contracts to be inquired into by parol evidence has no application, for the reason that the contractual terms which appellee sought to vary and contradict were not mere recitals of precedent or contemporaneous facts. They were not merely descriptive, but were in their nature contractual. 10 R. C. L. par. 238.

The parol evidence was admitted over appellant's objection, and he duly excepted. The error is brought to the attention of this court under proper assignments of error and related propositions. Accordingly it becomes our duty to reverse the judgment of the trial court and render judgment for appellant.

Reversed and rendered.