[No. 18034. Department Two. August 9, 1923.]

HULDIA E. LLOYD, *Appellant*, v. J. B. SCHWAEGLER, *Respondent*.[1]

EVIDENCE (168)—To VARY WRITING—CONTEMPORANEOUS OR SUBSEQUENT AGREEMENTS. A written contract for the exchange of properties cannot be altered or added to by evidence of a contemporaneous or prior oral agreement that one of the parties was to harvest certain growing crops and account for the proceeds, in the absence of any independent consideration therefor.

ESTOPPEL (20, 23)—EQUITABLE ESTOPPEL—RELIANCE ON UNENFORCIBLE CONTRACT—PREJUDICE TO PERSON ESTOPPED. A party to an exchange of properties is not estopped to deny that he induced the same by an unenforcible oral agreement to harvest growing crops, where it appears that the loss occasioned by his failure to do so occurred primarily before the exchange was effected, and the other party could not have been misled to his prejudice by such failure.

Appeal from a judgment of the superior court for King county, French, J., entered December 5, 1922,

[1]Reported in 216 Pac. 884.

dismissing an action on contract, upon granting a non-suit, after a trial on the merits before a jury. Affirmed.

*S. H. Kelleran* and *George F. Hannan,* for appellant.
*Carroll B. Graves,* for respondent.

TOLMAN, J.—The parties to this action, in August, 1918, entered into a written contract for the exchange of certain real properties, the terms of which are not in dispute. Appellant, as plaintiff, alleged in her complaint that, simultaneously with the execution of the written contract, the parties made an oral agreement to the effect that the defendant (respondent here) should, without charge for his services, care for, harvest and market the crops then growing upon the land which he had, by the written contract, agreed to convey to the plaintiff; that the proceeds of such crops, less actual expenses, should be paid to the plaintiff, except as to the pear crop, in which, by the written contract, the defendant had retained a half interest, and that the proceeds of that crop were to be equally divided. The complaint alleges that the defendant failed to care for, and harvest these crops, or acted so negligently that all were lost, to the damage of the plaintiff in the sum of $11,739, and seeks recovery in that amount.

The answer admits the written contract, denies all of the other allegations of the complaint, and sets up certain affirmative defenses and counterclaims not now material. The case came on for trial before a jury, and at the close of plaintiff's case a motion for a nonsuit was sustained, followed by a judgment of dismissal, from which judgment the plaintiff has appealed.

The theory upon which the trial court acted in ruling out much of the offered testimony, of which complaint

is made, and in granting the motion for nonsuit, seems to have been that the action was not based on any fraud inducing the contract but was purely an action for damages arising from the breach of an oral contract, and:

(1) If the oral contract related to the written agreement, or the subject-matter thereof, and was made contemporaneously therewith or prior thereto, then the law conclusively presumes that all of the agreements between the parties were merged in the written contract, and parol evidence of the oral agreement was inadmissible; or:

(2) If the oral contract was independent of and unrelated to the written contract, then there was no consideration for the oral contract and it was therefore unenforcible.

Appellant seeks to avoid the force of this theory by the argument that evidence in support of the allegations of fraud was admissible, as tending to prove that the oral contract was entered into, and that respondent is estopped by his acts from denying its validity; that it was breached or negligently performed; and as tending to prove, also, the amount and value of the crops. But if the oral contract may not be considered because of the parol evidence rule, or because there was no consideration therefor (and there is no contention that there was any independent consideration), then, even though it be admitted that the parties so contracted, it is still without force or effect. *Andersonian Investment Co. v. Wade,* 108 Wash. 373, 181 Pac. 861.

That the rule as to estoppel, applied in the case just cited, is applicable here, we cannot concede. There, the party injured expended large sums of money in reliance upon the oral promise, all with the knowledge and consent of the party held to be estopped; and it

was held, in effect that, under the facts therein shown, to disregard the oral promise would be to permit the promissor to take advantage of his own wrong. Here we have an action founded upon an alleged oral contract and the breach thereof.

The resort to the theory of equitable estoppel is a concession that the oral contract in and of itself is not actionable. This is so not because of a rule of evidence, but because the substantive law presumes the finality of a written agreement. Accepting this premise, we must inquire as to whether respondent wrongfully caused the appellant, in reliance upon his representations or acts, to change her condition for the worse. Unless she did, she is in the same position she would have occupied upon the mere breach of an unenforcible agreement. Assuming that an estoppel was pleaded, which may well be doubted, and assuming that one may, in such a case as this, rest upon fraudulent representations and acts as the foundation for an original and independent action for damages, and not merely as a defensive and protective measure, do the facts alleged and sought to be proven, constitute equitable estoppel?

It does not appear that appellant relied upon anything other than an unenforcible contract during all the time when the crops could have been harvested and saved; and it does appear that no representations that he was caring for the crops are claimed to have been made by respondent until the time of the exchange of deeds on October 24. If misrepresentations were made then or later, and if appellant relied thereon, she could not have been thereby prejudiced; because the losses, if any losses there were, occurred primarily because of failure to properly care for and harvest the crops at an earlier period, when appellant was relying solely upon an unenforcible contract.

"Acts done or knowledge acquired subsequent to the transaction out of which estoppel is claimed to arise can have no bearing upon the question. The representations or conduct relied on to raise the estoppel must have been concurrent with or anterior to the action which they are alleged to have influenced." 21 C. J. 1132.

If we were persuaded that the views already expressed were unsound in any particular, still, after a study of the record, we are convinced that the evidence admitted, together with the most favorable view of that rejected, would fail in sufficiency to carry the question of respondent's negligence to the jury.

The judgment is affirmed.

MAIN, C. J., FULLERTON, and PARKER, JJ., concur.