# Richmond.

## A. O. EDMONDSON v. R. T. BALLARD.

### March 1, 1928.

1. APPEAL AND ERROR—*Demurrer—Motion to Strike Out—Assumption of Truth of Pleadings.*—In reviewing the action of the trial court in sustaining a demurrer to and a motion to strike out defendant's grounds of defense and plea of set-off, the appellate court must assume that the facts set out in the grounds of defense and the plea of set-off were true.

2. FRAUDS, STATUTE OF—*Parol Evidence—Endorsement of Note Secured by a Promise of Another also to Endorse—Case at Bar.*—The endorsement of negotiable paper for a corporation by B was obtained upon a promise made by A, the secretary-treasurer of the corporation, that he, A, would personally endorse the obligation if B would do so. This promise induced B to endorse and thereafter the paper was used in bank by A, the secretary-treasurer of the corporation, who failed to endorse same.

   *Held:* That the liability incurred by B and the loss sustained by him could be enforced in a proceeding to compel A to contribute his portion of the loss which B sustained.

3. FRAUDS, STATUTE OF—*Promise to Answer for the Debt or Default of Another—Endorsement Secured by One Who also Promised to Endorse but Failed to Do So.*—In the instant case A induced B to endorse the negotiable paper of a corporation of which A was the secretary-treasurer and B the president, by a promise that he, A, would also personally endorse the obligation if B would do so. This A failed to do.

   *Held:* That A's promise to endorse the paper if B would, was not a promise to answer for the debt or default of another, but a primary obligation to B, becoming enforceable so soon as B sustained the loss which A had agreed to share with him.

4. FRAUDS, STATUTE OF—*Contracts of Indemnity between Sureties.*—Verbal contracts between co-sureties to indemnify—one the other—in the event of loss are valid and enforceable.

5. FRAUDS, STATUTE OF—*Suretyship—Endorsement.*—A promise made by one surety or endorser to another, whereby the promisee is induced to endorse or become co-surety, is not within the statute of frauds.

Such an undertaking on the part of a promisee is not to answer for the debt of another.

6. FRAUDS, STATUTE OF—*Promise to Share Jointly in Losses—Case at Bar.*— In the instant case both the parties were vitally interested in a corporation. One was president, the other secretary-treasurer. Each of them pledged their personal resources in the vain endeavor to save the corporation from failure. These undertakings were ample consideration to support a promise on the part of the one to the other, that standing together and pledging their joint support to the corporation, they would also share jointly and equally any loss that might ensue. The fact that the party promising and the party promised were or were not joint endorsers or sureties is of no moment.

7. SET-OFF, RECOUPMENT AND COUNTERCLAIM—*Plea that Plaintiff and Defendant were both Officers of a Corporation and that Defendant had been Induced to Endorse a Note of the Corporation by a Promise of Plaintiff that he would also Endorse the Note, which he Failed to do.*—The instant case was a motion for judgment for money by plaintiff against defendant, plaintiff alleging that they were joint endorsers upon a note which plaintiff had been compelled to pay. Defendant plead by way of set-off that plaintiff and defendant were both officers of a corporation and that defendant had been induced to endorse another note of the corporation by a parol promise of plaintiff that he would also endorse the note, which he failed to do. Plaintiff demurred to the plea and moved to strike it out, which the court did.

*Held:* Error.

Error to a judgment of the Circuit Court of Fairfax county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*Wm. C. Gloth* and *Barbour, Keith, McCandlish & Garnett,* for the plaintiff in error.

*John W. Rust,* for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

Judgment upon motion under section 6046 of the Code of Virginia, in the Circuit Court of Fairfax county, wherein A. O. Edmondson was defendant and R. T. Ballard was plaintiff. They will be referred to accordingly in this opinion.

Both of the parties hereto were officers of Northern Virginia Motor Transportation Company, Incorporated, Edmondson, president, and Ballard, secretary and treasurer.

During 1922, the transportation company, being in financial straits, in order to get accommodation at the Potomac Savings Bank of Georgetown, D. C., executed a certain note dated October 24, 1922, for $1,000.00, payable to plaintiff in error and endorsed by R. T. Ballard and A. O. Edmondson personally. This note was discounted at the bank and upon default on the part of the maker, the bank brought action against the endorser Ballard, obtained judgment, and collected from him the debt with interest and costs.

On February 27, 1925, plaintiff brought his action by motion against defendant Edmondson for one-half of the judgment, interest and costs, aggregating $557.19, claiming that defendant was jointly liable with him for the $1,000.00 note. To this motion defendant tendered his grounds of defense and plea of set-off duly sworn to, which is in the following words:

"For grounds of defense to the motion in the above entitled suit filed in the Circuit Court of Fairfax county, Virginia, the defendant says as follows:

"That it is true that judgment was obtained in the Circuit Court of Fairfax county, Virginia, against the said R. T. Ballard in a suit filed by the Potomac Savings Bank of Georgetown, D. C., against the said R. T. Ballard on December 5, 1923, by motion for judgment and that judgment was entered at the May term, 1923,

for the sum of one thousand ($1,000.00) dollars with interest thereon from October 24, 1922, until paid, with costs of $8.38, which said judgment the said R. T. Ballard was compelled to pay.   This defendant, however, states that the note on which the said judgment was obtained was made by the Northern Virginia Motor Transportation Company by R. T. Ballard, secretary-treasurer, and that the first endorser on the said note was R. T. Ballard, Vienna, Virginia, and that this defendant was the second endorser and that the note was held by the Potomac Savings Bank of Georgetown, D. C., and that the said R. T. Ballard had no recourse against the said A. O. Edmondson because the said A. O. Edmondson was a subsequent endorser to the said R. T. Ballard and was not legally liable for payment of the said note.

"By way of set-off against the aforesaid claim this defendant alleges that on November 27, 1922, the Northern Virginia Motor Transportation Company, Incorporated, by R. T. Ballard, secretary-treasurer, executed a negotiable note at the Potomac Savings Bank of Georgetown, D. C., for the sum of five thousand ($5,000.00) dollars, which said note was presented to B. A. Bowles, cashier of the Potomac Savings Bank of Georgetown, D. C., and which said note was discounted by the said Potomac Savings Bank with the understanding and agreement that the said plaintiff, R. T. Ballard, and this defendant, A. O. Edmondson, should endorse the said note as individuals and only with that understanding was the aforesaid note to be negotiated and discounted by the aforesaid bank. Acting upon this agreement and having full faith that the said R. T. Ballard would execute same as an individual, this defendant, A. O. Edmondson, endorsed the same and the said R. T. Ballard, in violation of his

agreement and contrary to the agreement made between this defendant, the plaintiff and the Potomac Savings Bank, endorsed the same as the Northern Virginia Transportation Company, Incorporated, R. T. Ballard, secretary-treasurer, and this defendant alleges and charges that this endorsement was a fraud not only upon the Potomac Savings Bank, which said bank discounted the said note, but a fraud upon this defendant because of the agreement and understanding that the said note was to be discounted only upon the individual endorsement of both the plaintiff in this suit and this defendant, and that this defendant alleges and charges that when the said note matured the Potomac Savings Bank, as aforesaid, called upon this defendant for payment of the said note and it was then and only then that it was learned that the said R. T. Ballard had not endorsed the same as an individual, but had endorsed the same as secretary-treasurer of the Northern Virginia Motor Transportation Company, Incorporated, which said company was defunct and insolvent at the time the note was negotiated, all of which was known to the plaintiff in this suit, this defendant and the Potomac Savings Bank, and thereupon the Potomac Savings Bank made demand on this defendant for payment of the said note and this defendant thereupon paid the said note of five thousand ($5,000.00) dollars, with interest from November 27, 1922.

"This defendant alleges that after the payment of the said note, as aforesaid, this defendant took possession of the only asset the said defunct company had, namely, one bus, which said bus was, by this defendant, repainted and put in merchantable condition at a cost of approximately $500.00 and thereupon the said bus was sold for the sum of three thousand ($3,000.00)

dollars, which sum this defendant applied to the pay-
ment of the note which he was compelled to pay
because of his endorsement on said note, and after
this sum was applied toward payment of the said in-
debtedness as aforesaid, this defendant was left a net
loss of $2,575.00. This defendant alleges and charges
that the endorsement herein described was a fraud
on this defendant and a fraud on the Potomac Savings
Bank, and the said endorsement was made with the
deliberate idea of avoiding any legal liability on the
part of the said R. T. Ballard when he, the said R. T.
Ballard, knew that the agreement provided that he,
as well as this defendant, endorse the said note as an
individual and that both this defendant and the said
R. T. Ballard were to be jointly liable, and this defend-
ant admits the statement of the said plaintiff in the
aforesaid motion that the said Northern Virginia Motor
Transportation Company was unable to pay its obliga-
tions and that the said R. T. Ballard and A. O. Ed-
mondson were each to be liable for one-half, not only
of the said one thousand ($1,000.00) dollar note on
which the said plaintiff has demanded contribution, but
also on the said five thousand ($5,000.00) dollar note
which said note this defendant has paid as is described
as aforesaid, subject to a credit of $2,500.00, leaving a
net loss to this defendant of $2,575.00, and basing the
agreement on both of said notes as a joint obligation
of the said A. O. Edmondson and the said R. T. Ballard,
then this defendant is entitled and this defendant is
willing to set off said amount of $2,575.00 against the
said claim of the said plaintiff in accordance with the
statute so made and provided, and ought to recover
of and from the said R. T. Ballard the sum of $1,037.50
with interest thereon from, to-wit, the .... day of

September, 1924, and this the defendant is ready to verify.

"(Signed) A. O. EDMONDSON."

The plaintiff thereupon demurred to the plea and moved to strike out, which the court sustained, and at the May term, 1926, entered the following order:

"This day again came the parties to this action by their attorneys and thereupon the plaintiff filed in writing his demurrer to and motion to strike out the grounds of defense and plea of set-off filed by the defendant, and upon argument of counsel the court being of opinion that the said grounds of defense and plea of set-off are not sufficient in law for the defendant to have and maintain an action against the plaintiff, the court doth order that the said demurrer to and motion to strike out the grounds of defense and plea of set-off filed by the said plaintiff be sustained, and the said grounds of defense and plea of set-off are stricken from the record, and it further appearing to the court that the said A. O. Edmondson admits in his pleadings liability for one-half of the $1,000.00 note on which the said plaintiff has demanded contribution, set up in the motion for judgment in this action, the court doth order that judgment be and the same is now entered against the said A. O. Edmondson for the sum of $557.19 with interest from October 20, 1924, until paid and his costs in this behalf expended, and that execution issue."

The assignment of error is as follows:

"The error assigned is the action of the court in sustaining the demurrer and motion to strike, and in entering judgment against your petitioner without any evidence taken."

[1] For the purpose of this discussion we must assume that the facts set up in the grounds of defense and plea

of set-off are true, and upon this hypothesis determine whether or not the learned trial judge was justified in sustaining the said demurrer and striking out the plea.

The plaintiff both in his brief and in the oral argument at the bar of the court relies upon the *statute of frauds—want of consideration*—and the parol evidence rule. We will consider them in the order mentioned:

"No action shall be brought in any of the following cases:  *   *   *   *

"Fourth, to charge any person upon a promise to answer for the debt, default or misdoings of another   *   *   *   * Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent." Code of 1919, section 5561.

[2, 3] The question then which we have to determine is whether or not a liability incurred and loss sustained by B, an endorser of negotiable paper for a corporation, which endorsement was obtained upon a promise made by A, the secretary-treasurer of the corporation, that he personally would endorse the obligation if B, would do so, which promise induced B to endorse, and thereafter the paper was used in bank by A, the secretary-treasurer of the corporation, who failed to endorse same, can be enforced in a proceeding to compel A to contribute his portion of the loss which the endorser sustained, or is the verbal promise to endorse inoperative and void because of the statute of parol agreement just above referred to? Is this a promise to answer for the debt or default of another, or a primary obligation to B becoming enforceable so soon as B sustains the loss which A has agreed to share with him?

[4] The precise question seems never to have been presented to the Supreme Court of Appeals of this State—the nearest approach to it in so far as we have been able to discover is *Alphin* v. *Lowman*, 115 Va. 441, 79 S. E. 1029, Ann. Cas. 1915A, 863, in which Judge Keith, in an able opinion reviewing many authorities, reaches the conclusion that verbal contracts between co-sureties to indemnify—one the other —in the event of loss are valid and enforceable.

[5] While the courts on this question are inharmonious both in the conclusions reached and in the reasons therefor, the principle has been settled in Virginia that a promise made by one surety or endorser to another whereby the promisee is induced to endorse or become co-surety is not within the statute of frauds.

The reason for the rule finds its logic in the nature of the obligation. Such an undertaking on the part of a promisee is not to answer for the debt of another (the Motor Transportation Company, Incorporated, in this case), they become bound by their endorsement in writing to answer for the debt, of the Motor Transportation Company, and no contract or verbal agreement between them can vary the extent of this obligation, but they do agree among themselves as to how they shall bear the burdens in the event of loss. This may be, and frequently is, the only condition upon which certain of the endorsers can be induced to affix their names.

[6] That both of the parties to this action were vitally interested in the Motor Transportation Company, may be confidently assumed. One was president, the other secretary-treasurer. Their interests in trying to save the corporation are best evidenced by the fact that each of them pledged their personal resources in the vain endeavor to save it from failure. These

undertakings we think were ample consideration to support a promise on the part of the one to the other, that standing together and pledging their joint support to the corporation, they would also share jointly and equally any loss that might ensue.   13 Corpus Juris 311.

The fact that the party promising and the party promised are, or are not, joint endorsers or sureties seems to us of no moment.

[7] The right of defendant in this case to file his grounds of defense and plea of set-off, if any such he has, grows out of the unwritten agreement set up in the plea, whereby the plaintiff Ballard is alleged to have made certain representations and agreements to defendant inducing him to endorse the notes of the Motor Transportation Company and agreeing to share equally with him, should there be a loss, which he has failed to do.

Accepting the statements of fact in the plea as true, and we find that an obligation as endorser was assumed by plaintiff in error as a result of an independent promise of an interested party who had not endorsed the note himself (though he had promised to do so) to share the consequences of such endorsement.   A loss has occurred and the promisor is asked to make good his promise.   We see no legal reason why he should not be required to do so, if the evidence upon the trial should sustain the plea.

In the opinion of the court in *Alphin* v. *Lowman, supra,* it is said:

"Turning·for a moment to section 68 of the negotiable instruments law, already cited, it is to be observed that the right of endorsers to show the order and extent of their real liability among themselves is recognized by the statute, a right which has been fully established by the decisions.   See *Bank* v. *Beirne*

[1 Gratt. (42 Va.) 234, 42 Am. Dec. 551], *supra.* And speaking of this principle, at section 475, Throop on Verbal Agreements says:    'It cannot be restricted within the bounds implied by the rule, that several sureties upon the same instruments may regulate by contract their liability to contribution.    For if it will suffice to defend an action for contribution, in favor of the verbal promisor against the promisee, we fail to see upon what principle it will not also suffice to maintain an action in favor of the promisee against the promisor to recover the whole amount of damages which the plaintiff has sustained through a breach of the verbal promise.    *And no substantial reason is perceived why the right to maintain such an action should depend merely on the fact that the plaintiff and the defendant had united in the execution of the same instrument.'  "    (Italics supplied.)

We think the case should be remanded and the defendant given an opportunity to establish his plea upon the merits and in a manner not inconsistent with the views herein expressed.

*Reversed and remanded.*