GLASS ET AL. *v.* O'TOOLE ET AL.

(Decided May 12, 1930.)

*Mr. C. T. Austin* and *Mr. C. J. McNamee,* for plaintiffs in error.

*Mr. Nathan E. Cook* and *Mr. Wm. F. Marsteller,* for defendants in error.

LEVINE, J. The parties appear in this court as they did in the common pleas court. Suit was instituted for breach of a lease, plaintiffs alleging that plaintiffs and defendants, George O'Toole and others, entered into a written lease upon certain specified terms as to rental and so forth, that the total rental for the period of the lease, which was

ten years, amounted to $15,000, and asking judgment against the defendants for that sum.

The defendants filed an answer and cross-petition wherein they set forth that certain representations and promises were made by the plaintiffs, the lessors, to the lessees, prior to their entering into the written lease, to the effect that one of the lessors, J. O. Glass, had inquired of the building department at Wickliffe, Ohio, prior to defendants' acquiring title to the land, and had assured defendants that he would secure a permit for defendant lessees to enable them to put up a frame building upon said lot, so that the same could be used for a gasoline station. It is further alleged in the answer and cross-petition that the lessors failed to secure such permit from the building department at Wickliffe, Ohio, and the defendants pray for a judgment for the $700 which they paid to the plaintiffs, representing seven months rent at $100 per month.

The common pleas court found in favor of the defendants on plaintiff's petition for damages, and also found in favor of the defendants on their cross-petition, and entered judgment against the plaintiffs in the sum of $700.

Error is prosecuted from the decision of the common pleas court.

While the assignments of error are stated in various forms, the major point sought to be established by plaintiffs in error is that the common pleas court committed error in permitting the conversations, in the nature of representations and promises made by the lessors to the lessees, to be introduced in evidence.

A very excellent brief is presented by plaintiffs,

wherein the parol evidence rule is defined, and the application given the same by the courts is set forth in detail.

It may be stated at the outset that there is no evidence of a legal fraud on the part of lessors, because the alleged statements made by the lessors to the lessees were in the nature of a promise to be performed in the future, namely, "that he, J. O. Glass, would fix it with the officials and authorities of the Village of Wickliffe, Ohio, and secure a permit enabling the lessees to erect a frame building to be used as a gasoline station."

It is, of course, elementary law that a misrepresentation of fact, in order to amount to fraud, must relate to a past or existing event. If the evidence presented by the lessees is to be given full credit, it would show that, prior to and at the time they entered into the written lease, there was a collateral promise and agreement on the part of one of the lessors that he would fix it with the authorities of Wickliffe, and that he would secure a permit enabling the lessees to erect a frame building on said lot, to be used as a gasoline station. The introduction of the conversation which seeks to establish a collateral agreement preceding the execution of the lease does not in any way add to, vary, or contradict the terms of the written lease. It merely seeks to show that this collateral, verbal agreement entered into between the parties formed the inducement which caused the lessees to enter into the written lease.

"Agreements or representations, though resting in parol and made prior to the written contract, but by which the party was induced to execute the writ-

ing, may be shown. In other words, where a parol contemporaneous agreement was the inducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and it appears that the written contract was executed on the faith of the parol contract or representations such evidence is admissible." Jones Commentaries on Evidence, Second Edition, Volume 3, Section 1492.

A long line of authorities is cited by the author supporting this statement of the law.

To deny the admission of evidence in a case like the case at bar would, in effect, operate as a fraud upon the lessees, because if their version be correct, the parol contemporaneous agreement formed the inducement which caused them to enter into the lease. It may be stated in another form—the parol contemporaneous agreement introduced in evidence is tantamount to an agreement between the parties that the terms of the written lease will not be enforced against the lessees, and that the lease will not be effective, unless the lessors perform their verbal obligation, namely, to secure a permit from the building department of Wickliffe, Ohio, to enable the lessees to erect a frame building to be used as a gasoline station.

It appears from the record that, after one or two payments of $100 each were made, the lessees made plans to erect a frame building; that they negotiated with a building contractor for that purpose; that one of the defendants applied to the building department of Wickliffe, Ohio, for a permit to erect a frame building, which application was promptly refused; that, when the plaintiff, J. O. Glass, was in-

formed of that fact, according to the testimony of defendants, he stated, by way of ameliorating the defendants, that they could sell the lease and make a thousand or fifteen hundred dollars profit, and also that he would sell it for them and make them a profit.

The common pleas court found that the verbal agreement preceding the execution of the lease between the parties was in fact made, that the plaintiffs undertook and obligated themselves to secure the permit in question, and that this obligation was at no time performed by them.

We are of the opinion, therefore, in view of this finding by the common pleas court, that the written lease entered into between the parties is not enforceable because of the verbal agreement between the parties which formed the inducement for entering into the lease. In so far as the $700 paid by the lessees to the lessors, and for which a judgment was entered in their favor against the lessors, we are inclined to the view that this judgment is erroneous, for the reason that the defendants continued to pay rent for some five months after they were informed by the building department at Wickliffe, Ohio, that no permit would be issued for the erection of a frame building. The payments were voluntarily made, and we find no basis in law for the recovery of money voluntarily paid. We have already stated that there is no legal fraud in this case such as to render the payments involuntary; nor do we find that the money was paid under a mistake of fact.

The judgment of the common pleas court will therefore be modified so as to enter judgment in

favor of the defendants upon the plaintiffs' petition, and in favor of the plaintiffs on the defendants' cross-petition.

*Judgment affirmed as modified.*

VICKERY, P. J., and SULLIVAN, J., concur.