[Civ. No. 6984. Second Appellate District, Division Two.—November 6, 1931.]

H. D. TAYLOR COMPANY (a Corporation), Appellant, v. J. H. JONAS AND SONS (a Copartnership) et al., Respondents.

James M. Gammon for Appellant.

Henry Cohen for Respondents.

FRICKE, J., *pro tem.*—Appellant brought action upon a book account for an alleged unpaid balance of $1209.47 for merchandise sold and delivered to defendants and included a second cause of action for this amount on the theory of an account stated.

Appellant states, as the facts of the case, that appellant, located at Buffalo, New York, received through J. S. Zim-

merman, its authorized agent, a verbal order from J. H. Jonas of Los Angeles, on February 23, 1924, for five pieces of mohair to be shipped by express, part at once and the balance in thirty days; that the first shipment arrived about May 24, 1924, and the balance arrived about the middle of June, 1924; that upon receipt of the first shipment respondent wrote appellant that he had never ordered the merchandise and was holding the merchandise subject to appellant's disposition; that at some indefinite time later respondent and Zimmerman had a conversation in which respondent objected to paying the express charges, claimed that there were defects in the merchandise and offered to take the same at a reduction of 25 cents per yard provided appellant would pay the difference between express and freight charges, which offer was not accepted; that the parties "continued to haggle" until June, 1929, when respondent's plant was destroyed by fire, respondent claiming that the merchandise here involved was totally destroyed; that it did not require more than two or three weeks in the ordinary course of business for a letter to reach Buffalo and merchandise to be shipped back and received by express. Respondent testified that the order was given in the latter part of 1923 and, there being this conflict in the evidence, the finding of the trial court that the order was given in 1923 must prevail.

It is obvious that there was no account stated. ■ The question therefore is, Did the facts raise a liability to pay for the goods sold and delivered? The order was given in the fall of the year 1923. The condition for shipment by express must be given effect as indicating that the delivery must be by the speediest means between Buffalo and Los Angeles, a delivery within two or three weeks from the giving of the order. The first installment of goods was not received until May 24, 1924, roughly about six months after the order was given, or, if we accept appellant's contention as to the date of the order, the goods were not received until three months after the order. Surely, so long a delay is not an acceptance of the offer provided by the order and under the elementary rules of the law of contracts the title remained in appellant and respondent incurred no liability therefor. The delivery of the merchandise by appellant other than in acceptance or pursuance of the order was at appellant's risk. Appellant was notified by Jonas that the latter did not

accept them and the merchandise was subject to appellant's disposal. While there ensued various negotiations in an effort to have respondents take the goods no agreement was ever arrived at, the title to the merchandise never passed and respondents never incurred liability therefor.

Appellant claims error because the court refused to permit the witness J. S. Zimmerman to use a typewritten order signed by him to refresh his memory. In view of the fact that there was no showing that the witness required any refreshing of his memory and of his affirmatively testifying that he did remember the incident inquired about there was no error.

The contention that certain copies of letters were received in evidence without a previous demand upon appellant to produce the originals is without merit. The references to the transcript do not show the nature or materiality of the correspondence and hence no prejudice appears. The record does show, however, that respondents asked appellant for copies of the letters received by the appellant and was furnished by appellant with the copies in question, a circumstance amounting to an admission that such letters were received and in the possession of appellant.

Appellant's claim that it was error for the court to restrict the questioning of respondent Jonas concerning his offer to take the goods as a reduction in price is untenable. Counsel's own question about "trying to settle" clearly warranted the court's conclusion that he was inquiring into an offer to compromise and such evidence was inadmissible.

The other points in appellant's brief are either as to immaterial matters which could not affect a determination of the cause or, as is true in most instances, are not sustained by the references to the record.

The statement of facts in appellant's opening brief upon its face shows that the judgment for defendant was clearly warranted.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.