**ATLAS PETROLEUM CO. v. COCKLIN et al.**

**No. 9240.**

Circuit Court of Appeals, Eighth Circuit.

May 5, 1932.

W. E. Mitchell, of Council Bluffs, Iowa (William E. Mitchell, of Council Bluffs, Iowa, and Forest W. Hanna, of Kansas City, Mo., on the brief), for appellant.

John J. Hess, of Council Bluffs, Iowa (G. C. Dalton, of Atlantic, Iowa, on the brief), for appellees.

Before STONE and BOOTH, Circuit Judges, and WYMAN, District Judge.

WYMAN, District Judge.

This action was instituted by appellant as plaintiff below against appellees for the recovery of damages claimed to have been sustained by reason of an alleged breach on the part of the appellees of a certain written contract.

Upon its face the contract in question purports to be an unqualified agreement on the part of the appellees to purchase, and on the part of appellant to sell and deliver, one hundred cars of distillate of 8,000 gallons capacity each, at the agreed price of 4 cents per gallon, said distillate to be delivered in as nearly equal monthly installments as possible upon shipping instruction to be placed by appellees between September 1, 1927, and April 1, 1928.

The complaint, among other things, alleges, in substance, the execution and delivery of the contract in suit; the purchase by appellant of the distillate necessary to enable it to make deliveries under said contract; the failure of appellees to order shipment of said distillate in accordance with the terms of said contract; that notice was given to appellees that, unless orders were given for shipment within the limits specified in the contract, appellant would sell for appellees the 800,000 gallons of distillate as provided in said contract, and that any loss incurred by reason of such sale should be borne by appellees; that appellant did sell said distillate at a loss of $7,000, and concludes with a prayer for judgment against the appellees in the sum of $7,000, with interest, as damages resulting from said alleged breach of contract.

The answer, in effect, admits the execution and delivery of the contract in suit, but alleges that at the time of the execution of the same there was a collateral oral agreement between the parties whereby it was mutually agreed and understood by them, and each of them, that said contract was to be of no force or effect, unless and until the price of distillate of the quality specified in said contract had advanced on the open market to a price equal to or in excess of the price specified in said written contract; that the price of distillate did not so advance during the term of said contract; and that by reason thereof said contract never became effective or binding upon the parties thereto.

As a separate and further defense the answer alleges:

"That about the 2nd day of January, 1928, the plaintiff called the defendants from Kansas City, Missouri, and proposed to the defendants that if defendants would purchase oil products from the plaintiff, which were to be supplied from refineries other than the refinery producing the distillate referred to in said alleged contract, all claims and rights of the plaintiff under said alleged contract of August 29, 1927, would be waived and cancelled and the defendants then and there accepted said offer and acted thereon and purchased from the plaintiff two cars of distillate which were shipped to the defendants and paid for by them.

"That by reason of the facts set out in the foregoing paragraph of the defendants' answer, said alleged contract and all rights thereunder were mutually rescinded and terminated."

Upon the filing of said answer the plaintiff moved the court to strike certain parts thereof upon the following grounds:

"1. That said matter thus pleaded violates the parol testimony rule, and that parol testimony cannot vary or change the terms of a written contract.

"2. That all of the conversation and negotiations made by the plaintiff and defendants prior to the execution of the contract sued upon were merged in the contract itself, and the contract itself is the contract between the plaintiff and the defendants.

"3. That the testimony necessary to sustain the averments of defendants' answer, as above set out, is inconsistent and conflicting with the contract in writing signed by the parties, and, if permitted, would be to vary the terms of a written contract, and said matters so pleaded are wholly inconsistent with the terms of the contract sued upon, and if proved would destroy the contract.

"4. That the above statements are not actionable but are mere opinions."

This motion was overruled by the court, to which ruling the plaintiff duly excepted.

The case was tried to a jury, and upon the trial evidence was introduced tending to prove the allegations set forth in the answer as to the collateral agreement between the parties to the written contract, that the same was not to go into effect unless and until the price of distillate advanced to 4 cents per gallon, and also as to the collateral agreement of January 2, 1928, whereby it is alleged that said written contract was canceled by agreement of the parties. All of this evidence was received over the objection of the plaintiff, and the rulings of the court resulting in the admission of said evidence were duly excepted to. It seems to be conceded that no shipments of distillate were ordered by the appellees under said contract, and the undisputed evidence shows that the appellant purchased 800,000 gallons of distillate of the quality described in said contract, and was at all times ready and willing to deliver the same to appellees pursuant to said contract; that appellees were notified that, unless shipments were ordered out pursuant to the terms of the contract, appellant would sell said distillate and look to appellees for any loss resulting therefrom; that said distillate was thereafter sold at a loss to appellant of $7,000.

At the conclusion of the testimony, appellant asked the court to direct the jury to return a verdict in its favor, which motion was denied and the case submitted to the jury, with the result that a verdict was returned in favor of the defendants.

There are numerous assignments of error, each one of which grows out of the contention of appellant that the allegations of the answer and the testimony with reference to the oral collateral agreements above referred to all tended to vary the terms of the written agreement, and that for that reason the allegations of the answer do not constitute a provable defense, and the evidence above referred to was inadmissible and improperly received.

It is manifest from the record that this case does not come within the contemplation of the so-called "parol evidence rule." The answer does not allege, nor does the evidence complained of tend to prove, any change or variation in the terms or conditions specified in said contract, but the evidence complained of, if true, would establish the defense set forth in the answer that the agreement in suit was not to be effective as a binding contract until the happening of some future event. The pleadings in this case bring it well within the rule to the effect that, where a written instrument, whether delivered to a third person in escrow, or to an obligee, is, by contemporaneous oral agreement, made to depend as to its going into operation upon events to occur or to be ascertained in the future, parol evidence is admissible to show such oral agreement. This rule seems to have been recognized at an early date by the United States Supreme Court, and is undoubtedly supported by the great weight of authority. Pawling v. U. S., 4 Cranch, 219, 2 L. Ed. 601; Ware v. Allen, 128 U. S. 590, 9 S. Ct. 174, 32 L. Ed. 563; Burke v. Dulaney, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698; Gateway Produce Co. v. Farrier Bros. (C. C. A.) 268 F. 513; Brady v. Kern (D. C.) 218 F. 862; Lippincott v. Kerr, 59 App. D. C. 290, 40 F.(2d) 802; Hartford Fire Ins. Co. v. Wilson, 187 U. S. 467, 23 S. Ct. 189, 47 L. Ed. 261; Minn. Mutual Inv. Co. v. McGirr, 263 F. 847 (C. C. A. 8).

It seems to be equally well settled that a written instrument may be canceled, rescinded, or abandoned by a subsequent oral agreement. Peck v. Stafford Flour Mills Co., 289 F. 43 (C. C. A. 8); Monte Vista Farmers' Co-Op. Produce Co. v. Bemis Bro. Bag Co., 294 F. 8 (C. C. A. 8).

We find no error in the admission of parol evidence tending to prove the conditional delivery or the subsequent cancellation of the contract. As, under the well-established law, either the conditional delivery or the subsequent cancellation of the contract, as alleged in the answer, if established by a preponderance of the evidence to the satisfaction of the jury, constitutes a complete and valid defense to the cause of action set forth in the complaint, it follows that the trial

court was clearly correct in denying the appellant's motion to strike those portions of the answer. There being ample evidence of a substantial character in the record to sustain the allegations of the answer, if believed by the jury, the case was properly submitted to the jury.

Complaint is made as to various parts of the court's instructions to the jury. We have fully considered these several assignments of error, and find them without merit. The court's instruction is a full, fair, and correct statement of the law as applied to the evidence in the case, and appellant's exceptions were manifestly prompted by the mistaken idea that the facts in this case brought it within the general rule against the admission of parol evidence for the purpose of altering or modifying the terms of a written contract.

In our opinion, the judgment appealed from should be, and is, affirmed.