CONTINENTAL OIL CO., APPELLANT, v. BELL ET AL., RESPONDENTS.

(No. 7,028.)

(Submitted March 15, 1933. Decided April 17, 1933.)

[21 Pac. (2d) 65.]

124

*Mr. Walter L. Pope, Mr. David R. Mason* and *Mr. J. C. Garlington,* for Appellant, submitted an original and a reply brief; *Mr. Pope* argued the cause orally.

*Mr. T. N. Marlowe* and *Messrs. Murphy & Whitlock,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The plaintiff brought this action to recover the balance due on account for certain gasoline sold and delivered to the defendants. The defendants filed counterclaims, asserting they were entitled to certain refunds on gasoline purchased during the year 1929 in excess of the amount due plaintiff, and seeking affirmative judgment in their favor.

The defendants were the Ford dealers in four towns in Ravalli county, Montana, engaged in the sale of gasoline at each of these points. Late in the year 1927 plaintiff and defendants entered into written contracts for the sale and purchase of gasoline for the year 1928. Similar contracts were

made between the same parties for the purchase and sale of gasoline during the year 1929. Two separate contracts were made each year covering the requirements of the defendants at two of the towns in which they operated, but all were in the same form and differed only as to names of towns and amounts of gasoline to be delivered.

The contracts for the year 1929 provided "price to be charged for gasoline delivered at [naming two towns] to be four cents per gallon less than the sellers [plaintiff] quoted tank wagon price at [naming one of above towns] on date of shipment." They contained numerous other provisions not necessary to be here considered. No mention was made in any of the contracts of any refund or reduction of such prices.

The defendants were permitted to testify on the trial of the cause, over objection, that at the time the contracts for both years were negotiated it was orally agreed between the defendants and agents of the plaintiff who presented the contracts for their signature, that if at any time the contract price for gasoline purchased was more than the "spot market price" (by which it was meant current wholesale tank car price), the defendants were to receive a refund of the difference between these two prices. The defendants testified in reference to the contract for the year 1928, they received certain refunds by check, and in other instances the gasoline was billed to them at a lower price than specified in the contract. During portions of that year the two prices were identical. They further testified with reference to the year 1929 they paid the contract price for the gasoline furnished during the first ten months. The gasoline was billed to the defendants on the basis of the spot market price, being somewhat less than the contract price during November and December.

The plaintiff's witnesses denied the oral agreements, the authority of its representatives to so agree, and testified with reference to the reductions and refunds during the year 1928 that they were voluntarily made and only partially reflected the difference between the two prices. The defendants testified that they did not know the spot market price for gasoline

during the year 1928, but they believed when they received the reductions and refunds the plaintiff was fully performing the oral contracts.

The prepared written contracts as executed were presented to the defendants by a representative of the company. After the defendants had executed the same, they were transmitted to the home office of the plaintiff at Denver, where they were executed on behalf of the plaintiff by another of its officers. The defendants were permitted to testify, over objection, as to a statement made by one of the representatives of the plaintiff in a conversation had in November, 1929, as follows: "Well, Mr. Battson asked me if we would not consider settling our whole differences providing he was able to persuade his home office to make a settlement on the basis of fifteen hundred or two thousand dollars."

The trial resulted in a verdict and judgment in favor of the defendants, being the amount of refund which they claimed due, less the purchase price of the gasoline sold as alleged in the plaintiff's complaint. Motion for new trial was made, heard and denied. The appeal to this court is from the judgment.

The plaintiff by numerous specifications of error seeks to review the correctness of the court's ruling in receiving evidence tending to establish the oral contracts for refunds of the purchase price of gasoline. Plaintiff insists that the admission of this testimony was in violation of the parol evidence rule (sec. 7520, Rev. Codes 1921), and that the testimony did not come within any of the statutory exceptions (sec. 10517, Id.).

The test as to when parol evidence varies, adds to or contradicts a written contract was announced by this court in *Hosch* v. *Howe*, 92 Mont. 405, 16 Pac. (2d) 699, 700, quoting from Professor Wigmore as follows: "The chief and most satisfactory index is found in the circumstance whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered or dealt with in the writing, then presumably the

writing was meant to represent all of the transaction on that element.''

One of the important subjects dealt with in the written contracts was the price to be paid by the defendants for the gasoline purchased. The defendants' testimony tends to prove an oral contract to refund portions of this price, which was within the inhibition of the parol evidence rule, applying the foregoing test, unless some of the other recognized exceptions to the rule apply.

The correct application of this rule is illustrated in the following cases: *Riddell* v. *Peck-Williamson Heating & Ventilating Co.*, 27 Mont. 44, 69 Pac. 241; *Arnold* v. *Fraser*, 43 Mont. 540, 117 Pac. 1064; *Rowe* v. *Emerson-Brantingham Implement Co.*, 61 Mont. 73, 201 Pac. 316; *Burnett* v. *Burnett*, 68 Mont. 546, 219 Pac. 831; *Swan* v. *LeClair*, 77 Mont. 422, 251 Pac. 155.

One of the exceptions on which defendants rely is that the written agreements were only collaterally in issue. Plaintiff did not count on the written contracts in its complaint. Defendants in their counterclaims relied on the oral agreements. Plaintiff by its reply pleaded the written agreements as a defense to the counterclaims. Defendants assert the only issues in the case are those made up by the complaint and the answer; but such is an erroneous conclusion in view of the fact that where counterclaims are involved and an affirmative judgment is sought against the plaintiff, the issues arising on the counterclaims are triable as if they arose in an action brought by the defendants against the plaintiff. (Sec. 9329, Rev. Codes 1921.) Therefore, in determining the application of this exception to the rule on which defendants rely, the issues which were being tried are those arising on the counterclaims and reply. An oral agreement, in order to be collateral within the meaning of the exception of the rule under discussion, must relate to a subject distinct from that to which the written contract applies. (Jones' Commentaries on Evidence, 2d ed., sec. 1490; *Seitz* v. *Brewers' Refrigerating Mach. Co.*, 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; *Rowe* v.

*Emerson-Brantingham Implement Co.,* 61 Mont. 73, 201 Pac. 316.)

It has frequently been held that oral contracts with reference to reduction of the price to be paid as provided in written contracts are inadmissible. (*Reid* v. *Diamond Plate-Glass Co.,* (C. C. A.) 85 Fed. 193; *Auto Outing Co.* v. *McFrederick,* 146 Md. 106, 125 Atl. 886; *Pickrell & Craig Co.* v. *Bollinger-Babbage Co.,* 204 Ky. 314, 317, 264 S. W. 737; *Berry* v. *Guilliot,* (Tex. Civ. App.) 250 S. W. 482.)

Counsel for the defendants attempt to distinguish between an agreement to reduce the price and an agreement for a refund. We are, however, unable to subscribe to any such distinction, as in both types of agreement the result is the same— a change in the price specified by the written agreement through the medium of parol evidence. In order for oral testimony to come within the exception, it must not in any way conflict with or contradict what is contained in the written contract. The written contract must remain intact after the reception of the parol evidence. (10 R. C. L. 1038.)

It is insisted that an oral contract which is the inducement of the written contract may be received in evidence. We recognize the existence of such a rule, but its application turns on the question of the admissibility of the evidence to establish fraud. The exception does not apply to a case in which the oral promise relates directly to the subject of the written contract, even though the claim be that the complaining party signed the instrument in reliance on such promise. (Jones' Commentaries on Evidence, 2d ed., sec. 1495; *Armington* v. *Stelle,* 27 Mont. 13, 69 Pac. 115, 94 Am. St. Rep. 811; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873.)

The cases cited by defendants in support of their contention fall into two classes: (1) Where the testimony is admitted on the theory of fraud to avoid the enforcement of the contract, as illustrated by the case of *Glass* v. *O'Toole,* 36 Ohio App. 450, 173 N. E. 214. (2) Where a written contract was entered into and a contemporaneous oral agreement at the same time relating to the same subject matter but not to the

same subject, as illustrated by the case of *New York Life Ins. Co.* v. *Thomas,* 47 Tex. Civ. App. 149, 104 S. W. 1074. There the life insurance company in writing engaged an agent to sell life insurance, and as an inducement for the signing of the writing, promised orally to pay the agent his moving expenses to the place of such employment. These and similar authorities cited are without application to this case.

The defendants urge that the testimony was admissible on the theory that it tended to prove an executed oral agreement. The record contains testimony with reference to reductions in price and some refunds under the 1928 contracts which were transactions apart from those under consideration. There were no refunds or reductions under the 1929 contracts other than the billing of the gasoline sold during the last two months of that year, but that would only amount to partial performance of the oral contracts. The defendants by their counterclaims were seeking to secure the further performance of these oral contracts for the year 1929.

Section 7569, Revised Codes 1921, provides that "a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." An oral agreement altering a written agreement is not executed unless its terms have been fully performed, and performance on the one side is not sufficient. There must be a complete execution of the obligation of both parties in order to bring the modification within the terms of the statute. (*Pearsall* v. *Henry,* 153 Cal. 314, 95 Pac. 154, 159; *Henehan* v. *Hart,* 127 Cal. 656, 657, 60 Pac. 426; *Thompson* v. *Gorner,* 104 Cal. 168, 37 Pac. 900, 43 Am. St. Rep. 81; *Platt* v. *Butcher,* 112 Cal. 634, 44 Pac. 1060; *Harloe* v. *Lambie,* 132 Cal. 133, 64 Pac. 88. Also see *Curtis* v. *Parham,* 49 Mont. 140, 140 Pac. 511; *Armington* v. *Stelle,* supra.)

Defendants insist that the oral testimony was admissible upon the theory of estoppel, arguing that because of its conduct with reference to the reductions and refunds under the 1928 contracts, plaintiff was not in a position to assert the contrary. They rely strongly upon the case of *Andersonian*

*Investment Co.* v. *Wade,* 108 Wash. 373, 184 Pac. 327. The court there had under consideration an oral contract which was voidable by reason of the statute of frauds, and it was held that the defendants as a defense might prove such contract. This same court, in the later case of *Lloyd* v. *Schwaegler,* 126 Wash. 67, 216 Pac. 884, recognizes that a voidable oral contract may be established as a defense but it may not be ▉ affirmatively enforced. Facts sufficient to constitute a defense may be insufficient to entitle one to affirmative relief. (*Perkins* v. *Allnut,* 47 Mont. 13, 130 Pac. 1.)

The defendants urge in support of this contention cases decided with reference to the statute of frauds as creating an exception to the parol evidence rule. But these decisions are all founded upon the theory of the prevention of fraud. The parol evidence rule was adopted likewise to prevent the perpetration of fraud, and the legislature has said that the exclusion of testimony with reference to oral contracts conflicting with written contracts attains this desired result.

We conclude that the trial court was in error in admitting testimony with reference to the oral contracts for refunds on the agreed price of gasoline sold by the plaintiff to the defendants.

It becomes necessary to consider one further proposition ▉ urged by plaintiff. The defendants were permitted to offer testimony, over the objection of the plaintiff, to the effect that one Battson, an agent of plaintiff, inquired of the defendants if they would consider settling their whole differences provided he was able to persuade his home office to make settlement on the basis of fifteen hundred or two thousand dollars. The objection being overruled, plaintiff moved to strike this testimony on the ground that it amounted to an offer of compromise.

An offer of compromise is not an admission that anything is due. (Sec. 10684, Rev. Codes 1921.) An offer to compromise a controversy is not admissible in evidence. (*Huffine* v. *Lincoln,* 53 Mont. 474, 164 Pac. 888; 4 Nichols on Applied Evidence, 3344; 3 Jones on Evidence, 2d ed., sec. 1052.) Defend-

ants insist that this testimony was not within this rule—that it was merely a preliminary negotiation between the parties. All offers are merely negotiations until accepted. The testimony disclosed an offer made in an attempt to effect a settlement and, therefore, was clearly inadmissible. The following authorities support this view: *H. D. Taylor Co.* v. *J. H. Jonas & Sons,* 118 Cal. App. 208, 4 Pac. (2d) 797; *Golden* v. *Bilbo,* 192 Iowa, 319, 184 N. W. 643; *Barker* v. *Bushnell,* 75 Ill. 220.

In view of the conclusions reached, the other questions discussed in the briefs of counsel and on oral argument are unnecessary to a decision in this case.

The judgment is reversed and the cause remanded to the district court of Ravalli county, with direction to grant plaintiff a new trial.

Mr. Chief Justice Callaway and Associate Justices Matthews and Stewart concur.

Mr. Justice Angstman: I agree with the result, but do not agree that it was error to receive evidence of the parol agreement relating to defendants' right to a refund. Under the facts here it is my view that evidence of the parol agreement was admissible as coming within well-established exceptions to the parol evidence rule.

It is well settled that evidence of a parol collateral agreement, which neither contradicts nor varies the written instrument, is admissible. (10 R. C. L. 1035; 22 C. J. 1282; 2 Nichols on Applied Evidence, p. 1259; 2 Williston on Contracts, p. 1235.) Here it should be noted that for ten months in the year 1929 defendants paid the price stated in the contract. They are willing to be charged the contract price for the other two months, but contend that under the oral agreement they are entitled to a refund, and on this the counterclaim is based. Plaintiff virtually concedes that the contract price is not binding. It did not sue for the contract price, but in one cause of action on a *quantum meruit,* and in the other on an account stated. For the year 1928 it allowed

refunds in the same manner here claimed by defendants for the year 1929. The agreement for the refund does not contradict or alter the written contract. It had nothing to do with the price which defendants agreed to pay, but only required plaintiff to make a refund to them. (Compare *State Finance Corp.* v. *Ballestrini*, 111 Conn. 544, 150 Atl. 700; *Bell Rogers & Zemurray Bros* v. *Jenkins*, 221 Ala. 652, 130 So. 396.)

But if we interpret the oral agreement as covering the same subject matter as the written contract, still I think under the circumstances here it is admissible in evidence. The only reason why the written contract did not include the matter of a refund was because of the wish of plaintiff. The written contract did not contain all the prior negotiations. Under such circumstances the entire contract, including the oral stipulations, is admissible. (*P. A. Smith Co.* v. *Muller*, 201 Cal. 219, 256 Pac. 411; *Lucas* v. *Individual Mausoleum Co.*, 134 Kan. 266, 5 Pac. (2d) 1077.) And especially is this so where the oral stipulations were a part of the consideration for the written contract. (*Armington* v. *Stelle*, 27 Mont. 13, 69 Pac. 115, 94 Am. St. Rep. 811; *Southwestern Pub. Ser. Com.* v. *Smith*, (Tex. Civ. App.) 48 S. W. (2d) 456.)

If we treat the oral agreement as covering the subject matter of the written contract, then its ultimate effect would be to establish that the written agreement was to be effective only upon a contingency, viz., so long only as the contract price did not exceed the spot market price. The rule is well settled that parol evidence is admissible to show such a situation. (*Atlas Petroleum Co.* v. *Cocklin*, (C. C. A.) 59 Fed. (2d) 571, and cases there cited.)

In my opinion, to deny defendants the right to show the collateral agreement for a refund would be to use the parol evidence rule as a means of perpetrating, rather than preventing, a fraud, and thus to subvert the purpose of the rule.

Rehearing denied April 28, 1933, MR. JUSTICE ANGSTMAN dissenting.